*J. R. Coffroth*, for appellant.

---

## GREENWALD v. KAPPES.

PARTY WALL.—*Contract.*—*Construction of.*—A. purchased of B. a portion of a certain lot, a part of the consideration, as shown by a written agreement between said parties, being that A. promised to build thereon within a short time a first class three story brick building; and it was agreed that one of the walls of the building should be a party-wall, each owning one moiety thereof and giving an equal amount of the ground; and that "whenever B. or his heirs or assigns use said wall by erecting a building on the lot adjoining on the said A.'s, B. or his heirs or assigns putting the joists of their building in said wall, then said A. or his heirs or assigns is to receive onehalf of the actual cost of the building of said wall from B. or his heirs or assigns." A. complied with his contract by erecting a three story brick building, leaving joist-holes. B. erected a two-story brick building capable of lasting many years, using the party-wall as one of the walls of his building, but did not insert his joists therein.

*Held*, in a suit by A. against B. upon the written agreement, to recover one-

half the cost of the party-wall, that the use of the wall was the thing contracted for, and that putting the joists into it was only an incident.

APPEAL from the Marion Common Pleas.

GREGORY, J.—Suit by Greenwald against Kappes, to recover one-half of the cost of a party-wall. The complaint is in two paragraphs. The first avers, that Greenwald purchased of Kappes a part of a certain lot in Indianapolis; that it was a part of the consideration of the sale, that Greenwald promised to build thereon, within a short time, a first class three story brick building; that it was agreed between the plaintiff and defendant that the west wall of Greenwald's house should be a party-wall for Kappes' building whenever the same was erected, each owning one moiety of the wall, giving an equal amount of ground, and contributing equally to the cost of erecting the same, Greenwald agreeing to build the wall and wait on Kappes for his half of the cost till he built on his lot adjoining; that Greenwald had performed the conditions of the agreement on his part; that Kappes had built upon his lot adjoining, a permanent and substantial two-story brick building, using the party-wall; that the wall cost $1,519.40; and that Kappes refused to pay his part.

The second paragraph alleges, that Greenwald, subsequent to the written agreement, agreed with Kappes, verbally, to erect a joint column for said wall; that Kappes promised to pay for half of it; that Greenwald erected the column, at a cost of $90.12; and that Kappes refused payment.

A demurrer to the first paragraph of the complaint was overruled, and the defendant answered: first, by the general denial; a second paragraph was stricken out on motion; third, that the defendant still owns the lot adjoining plaintiff's and has never used the joint wall by erecting a building thereon by inserting joists in the wall.

A demurrer to the third paragraph of the answer was sustained.

Trial by the court; finding for the defendant. The plaint-

iff moved for a new trial, which was overruled. The evidence forms a part of the record, being incorported therein by a bill of exceptions.

The turning point in the case is the construction to be given to the written agreement, the foundation of the first paragraph of the complaint.

That part of the agreement on which the controversy arose is as follows: "And it is further agreed upon, that whenever said Kappes on his heirs or assigns use said wall by erecting a building on the lot adjoining on the said Greenwald's, the said Kappes or his heirs or assigns putting the joists of their building in said wall, then said Greenwald or his heirs or assigns is to receive one-half of the actual cost of the building of said wall from said Kappes or his heirs or assigns."

Greenwald complied with his contract by erecting a three-story brick building, leaving joist-holes. Kappes erected · a two-story brick building on his lot adjoining that of Greenwald, using the party-wall as one of the walls of his building, but did not insert his joists therein. There is some conflict in the evidence as to whether Kappes' building is a permanent one. There is no conflict, however, in the testimony as to the fact that the building is of brick, and built in such a manner as to be capable of lasting for a series of years.

Was the money due under the contract at the commencement of the suit? is the question in the·case.

We do not think the contract will bear the construction claimed for it by the appellee. It is very clear to our minds, that the use of the party-wall was the thing contracted for; putting the joists into the wall was only an incident. Any other construction would put it in the power of the appellee to commit the grossest fraud. The rule is well stated by Coke thus: " Whensoever the words of a deed, or of the parties without deed, may have a double intendment, and the one standeth with law and right, and the other is wrong-

ful and against law, the intendment that standeth with law shall be taken." Co. Litt. 42, 183.

Greenwald acted in good faith on his part by leaving holes in the party-wall for the insertion of the joists; if Kappes elected to turn his joists the other way, it was no fault of the former.

The court erred in overruling the motion for a new trial.

Judgment reversed, with costs; cause remanded, with direction to grant a new trial, and for further proceedings.

*H. C. Guffin, R. P. Parker, J. L. Ketcham,* and *J. L. Mitchell,* for appellant.

*A. G. Porter, B. Harrison,* and *W. P. Fishback,* for appellee.