No. 277.—E. E. MARION *v.* B. M. JOHNSON, 8228. E. E. MARION *v.* B. M. JOHNSON, 8231.

A party who makes a wall that has been constructed by the adjoining proprietor, one in common, incurs the obligation to pay the party who erected it one-half of the original cost thereof. This obligation to pay one-half its costs is not affected by the fact that the party who makes it one in common, is the owner of more than one-half of the soil on which it is built. 14 An. 338; 20 An. 554; 22 An. 114.

A party who, by his own act has made a wall that has been built between himself and his neighbor, one in common, can not thereafter put any additional wall, or put an iron front to his building which extends beyond the centre of such wall. Any attempt to do so will be restrained by an injunction, and the party thus attempting will be considered a trespasser, and will be condemned to pay the damages caused to the wall in common, with vindictive damages for the tort. R. C. C. 676.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Levisee*, J. *Egan, Williamson & Wise*, for plaintiff and appellant. *Land & Taylor*, for defendant and appellee.

WYLY, J. These two suits were tried together.

In the first, the plaintiff sues to recover half the value of the partition wall which the defendant is making—a wall in common.

In the other, she enjoins the defendant from removing bricks beyond the middle of said wall, for the purpose of inserting his iron front, averring that he has removed bricks for a considerable space to the injury of her building, called the Phœnix House, thereby exposing

the inner wall and plastering of said house; and she claims $1500 damages for the said trespass and injury.

In the first case, the court gave judgment for the plaintiff for $100; and in the second, dismissed her demand and dissolved the injunction. From these judgments the plaintiff appeals.

The questions presented in these cases are neither new nor difficult of solution. Under the settled jurisprudence of this State, "a party who exercises his right of making a wall, one in common, can not resist the demand of his neighbor who erected the same, for one-half of its value, although he, may have a claim to the soil upon which more than one-half the wall was built." Davis v. Grailhe, 14 An. 338 The facts of the case before us are almost identical with those in the case referred to, and for the reasons therein expressed we think this case should have the same conclusion. It is also well settled that the party building a wall which has become a wall in common, may recover from the other one-half the original cost of erecting it. 20 An. 554; 22 An. 114; and authorities there cited.

From the evidence we fix the cost of the wall at one thousand dollars. For one-half thereof, to wit, five hundred [dollars, the plaintiff should have judgment.

In reference to the second suit, we will remark that the defendant having made the wall, one in common, had no right to put his iron front beyond the centre thereof; and that the removing of the brick beyond that point, so as to expose the inner wall of the building of the plaintiff was a trespass for which she ought to recover actual and vindictive damages. The actual damages we fix at one hundred and fifty dollars, and the vindictive damages at three hundred and fifty dollars. There is no force in the plea of compensation. The plaintiff is not the debtor of the defendant for the soil occupied by the wall beyond one-half of its width. It still remains the property of the latter. The construction of a work on the soil of another imposes no obligation on the builder thereof to pay for the land. The remedy of the owner in such case is provided by article 676, Revised Civil Code. This remedy the defendant should have sought, if desirable, before making the wall, a wall in common. Having claimed the right accorded to him by article 676, he can not escape the conditions accompanying the exercise thereof.

It is therefore ordered that the judgments in these cases be reversed, and it is now ordered that the plaintiff recover judgment in the first case, to wit, No. 8228, for five hundred dollars, and all costs; and in the other case, to wit, No. 8231, it is ordered that she have judgment against the defendants *in solido*, for five hundred dollars, and also perpetuating the injunction herein, and requiring the defendants to remove all the constructions placed by them beyond the centre of the common wall, and also pay costs of both courts.