## PEW ET AL. v. BUCHANAN.

1. **Party Walls**: RIGHTS AND LIABILITIES OF GRANTEES. When a party wall is built equally upon the lots of adjoining owners by one of them, and is afterwards used for a building erected by the other, who does not pay to the owner one-half the value thereof, as required by § 2020 of the Code, but conveys the lot to one having full notice of the facts, the purchaser is liable to the grantee of the person who built the wall, in an action to recover half the cost thereof.

*Appeal from Plymouth District Court.*

SATURDAY, OCTOBER 15.

ACTION to recover half the value of a party wall. A demurrer to a count of plaintiff's reply to defendant's answer was overruled. From this decision defendant appeals.

*J. H. Struble*, for appellant.

*Martin & Gaynor*, for appellees.

BECK, J.—I. The petition shows that plaintiffs' grantor erected a building upon a lot owned by him, which was afterwards conveyed to plaintiffs. One of the walls of the house was built so as to rest on an adjoining lot, at the time owned by defendant's grantor, who subsequently built a house on the adjoining lot, using the wall so built by plaintiffs' grantor as a party wall as one of the walls of his building. Plaintiffs seek to recover one-half of the value of the party wall. The defendant, in a count of his answer, among other matters, alleges that, after the erection of the house in question, the lot upon which it stands was conveyed to him by deed of warranty, and that he has since been the sole owner thereof. Replying to this count, plaintiffs allege that, when the lot was conveyed to defendant, he had full notice that the party wall in question was built partly upon each lot; that plaintiff at the time claimed and demanded one-half the value thereof; and that he has since occupied the lot, and

used the wall in question, having the benefit thereof, and, though often requested, has refused to pay therefor. To this reply, defendant demurred, on the ground that plaintiffs' claim was a personal liability of the party building the house, and cannot be asserted against defendant as the grantor of such party. The demurrer was overruled.

II. The question presented by the case for our determination is this: When a party wall is built equally upon the lots of adjoining owners by one of them, and is afterward used for a building erected by his neighbor, who does not pay for the part of the value thereof as required by law, and conveys the lot to one having full notice of the facts, is such purchaser liable to his neighbor in an action to recover half the cost of the party wall? We think he is. The defendant's grantor, by using the party wall, became liable for half of its cost. She had the right to make it a common wall by paying half its appraised value. (Code, § 2020.) It follows that, when she used the wall, she assumed to pay half of its value, as required by law. Her obligation to pay is raised by the statute; and plaintiffs' right to recover is based upon this obligation. Her grantee, having full knowledge of the facts, stands in her shoes. He will not be heard in a court of law to deny his obligation to pay for the wall, the full benefit of which he enjoys, having notice that it has not been paid for. The right to use a party wall is a right running with the land. *Thompson v. Curtis*, 28 Iowa, 229. That right is dependent upon payment of one-half of its value. But defendant acquired no such right from its grantor, for the reason that she had not paid for the wall. But he uses the wall, and for himself becomes liable, by reason of that use, to pay for it, just as his grantor was liable. This liability is based upon the benefit he receives from the use of the wall, which was erected with his neighbor's money, and the full notice he possesses that his grantor had not paid for the wall. He, having such notice, stands in the shoes of his grantor, and is liable just as she would be had she not con-

veyed the land. He is to be regarded as liable to plaintiff by reason of his appropriation of the wall, and his notice that it has not been paid for.

No other questions arise in the case.

In our opinion the demurrer of defendant to plaintiff's reply was rightly overruled.

AFFIRMED.