NATHAN MATTHEWS, JR. *vs.* ELLEN S. DIXEY.

Suffolk.    January 29, 1889. — September 5, 1889.

Present: MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Deed — Party Wall — Fence — Building Act — Injunction.*

The owner of land on the north side of a city street conveyed two adjoining lots to different persons, each deed providing that " the centre of the easterly and westerly partition walls of the houses . . . first erected on the said land shall be placed on the division lines between the granted premises and the adjoining lots," and that the one who first built such a wall should be paid by the other, upon his using it, one half its cost. The grantee of the westerly lot erected a house on the front part thereof, with such a wall on the division line between the two, and built a wooden fence on the rest of the line. Subsequently, the grantee of the other lot proceeded to build a higher and deeper house thereon, conforming in all respects to a building act in force in the city, and for that purpose to carry up such wall and to extend it to the rear, necessarily displacing a part of the fence. *Held,* that such additions could rightfully be made without payment being first made of one half the cost of the existing wall, if no injury was done thereto, and that a bill in equity to prevent their being made could not be maintained.

BILL IN EQUITY, filed January 11, 1888, to prevent the defendant from using a brick wall, standing partly on her land and partly on that of the plaintiff, in erecting a proposed building on her land, and from so extending such wall as to displace a division fence. The case was heard by *Field,* J., who ordered the bill to be dismissed; and the plaintiff appealed to the full court. The material facts appear in the opinion.

*N. Matthews, Jr., pro se.*

*J. L. Thorndike,* ( *W. S. Otis* with him,) for the defendant.

W. ALLEN, J. The parties own adjoining lots on the north side of Beacon Street, in Boston. Both parties claim under the Boston and Roxbury Mill Corporation, which formerly owned the land extending northerly from Beacon Street to the harbor commissioners' line, and westerly from Hereford Street to West Chester Park. On March 15, 1886, the corporation conveyed to William Simes a parcel of this land measuring seventy-seven feet on Beacon Street, and on April 24, 1886, it conveyed to Nathan Matthews another parcel forty-eight feet in width, lying westerly of and adjoining the land conveyed to Simes. Each

deed contained the following provision : " The centre of the east erly and westerly partition walls of the houses and buildings first erected on the said land shall be placed on the division lines between the granted premises and the adjoining lots, and shall be good and sufficient walls, and the party first building such partition wall, whether the owner of the premises hereby granted or of an adjoining lot, shall be entitled to have and receive from the party using such wall one half the actual cost of so much of said wall, including the pile foundations and stone or brick work and fences, as he shall actually use." Nathan Matthews built a house upon his land, and afterwards conveyed it to the plaintiff. The centre of the easterly wall of the plaintiff's house coincides with the dividing line between his lot and that of the defendant. The wall is twelve inches thick and fifty-five feet high. The defendant is proposing to build a house upon her land higher and deeper than that of the plaintiff, and for that purpose to carry up the partition wall built by the plaintiff's grantor to a height of over sixty feet, and to extend it twelve feet in the rear.

To carry up the existing wall to the height to which the defendant proposes to carry it, it will be necessary, in order to comply with the Boston Building Act (St. 1885, c. 374), to add four inches to the thickness of the wall below the third story of the house, and to widen the foundation. The defendant proposes to add to the thickness of the wall and foundation on her own land, but it is contended by the plaintiff that it will not be practicable to get a sufficient foundation without renewing the existing foundation, and perhaps extending it somewhat further in the plaintiff's land. If this is rendered necessary by a proper use which the defendant makes of the existing wall, and is done without injury to the existing wall, we see no objection to it. If the foundation is insufficient for a proper use which the defendant proposes to make of the wall, or for such a wall as the defendant has a right to have, the right to strengthen or enlarge the foundation so as to make it sufficient is implied. If the defendant has a right to carry up the wall, she has a right to put in a foundation sufficient therefor, doing no injury to the existing wall. *Standard Bank* v. *Stokes*, 9 Ch. D. 68. *Eno* v. *Del Vecchio*, 4 Duer, 53. *Field* v. *Leiter*, 117 Ill. 341.

The right claimed by the defendant is to carry up the partition wall built by Nathan Matthews. Whether she has that right depends upon the construction to be given to, and the inferences to be drawn from, the deed to Simes, her grantor. The provision in the deed is somewhat blind, but on examination its meaning becomes evident. It may be assumed that the grantor owned a large tract of land, which it was selling in parcels to be built upon. It may also be assumed that the provision was intended as a general provision, to be applied to all the land sold, and to be inserted in all deeds of it, and that it was contained in the deed of the land that had been sold adjoining the Simes land on the east. The land conveyed to Simes was of sufficient width for several buildings. The words, " the easterly and westerly partition walls of the houses . . . first erected on the said land shall be placed on the division lines between the granted premises and the adjoining lots," plainly do not mean all partition walls between houses built on the land, but party walls of houses built on the easterly or westerly lines of the land conveyed. It was a grant of a right to build a party wall upon both the eastern and western sides of the lot, one half of which should be upon land not included within the lines of the description. This gave a right, or interest, or estate, in the adjoining land, which it is not necessary to attempt to name. The same right that was granted to the grantee was also reserved to the grantor. If this would not be inferred from the mere grant of the right to build a party wall, which is built upon both estates and belongs equally to both, the terms of the grant show that the benefit of the grantor equally with the grantee was intended. It not only gave the grantee the right to build a party wall, but gave the grantor the right to require that no wall of a building, except a party wall, should be built adjoining his line, and it further provided for the case of the erection of " such partition wall " by the owner of "an adjoining lot." It is also to be considered, that the provision was probably intended to be applied to all parcels sold, and to give mutual rights to and in party walls to the purchasers of different parcels, and that could not be done unless the grantor reserved to himself in the land conveyed the same rights which he granted in the land not conveyed.

The deed to Simes bounds his land on the east on land "recently conveyed by this corporation to William G. Saltonstall," but unless the right to build a party wall on the land was reserved in the deed to Saltonstall, the grant to Simes of that right would be nugatory. Unless the right was reserved in the deed to Simes, it could not have been granted to Matthews, and the plaintiff would now be unlawfully, or by mere license, maintaining a wall on the defendant's land. The true construction of the provision is, that when the corporation conveyed to Simes it gave and reserved the mutual right to build a party wall upon the line between them, with the further provision that neither party should make the wall of a house which he might erect on the line a several wall on his own land adjoining the line, but a party wall one half upon each estate. This is the meaning and effect of the provision in regard to the building first erected on the land. The plaintiff, then, as possessing the rights reserved by the grantor in the deed to Simes, and the defendant as possessing the rights granted to Simes by that deed, have equal and mutual rights in relation to a party wall. It is immaterial that the defendant claims under the elder deed, because the same right that was granted by that in the plaintiff's parcel was reserved in the defendant's. It is immaterial that the defendant has not paid to the plaintiff any of the costs of the wall; that is in no sense a condition precedent to the possession or the exercise of the right of the defendant in the party wall.

The plaintiff contends that the grant to erect a party wall is to the owner who shall first put up a building on the line, and is limited to such good and sufficient wall as shall be first erected. The general intention of the provision is that the walls of adjoining buildings on the lines of the land conveyed shall be party walls, and this is secured by providing that the wall first built on the line shall be a party wall. Before any wall is erected, either owner may build such a wall as he has occasion to use, being a good and sufficient wall. After the wall is built it is a party wall, and the ordinary rights and incidents of a party wall exist. The other owner can use it for any purpose for which a party wall upon the enjoyment of which no special restriction is placed can by law be used. One of these purposes and uses is to build upon it, if either owner has occasion

to carry it up. *Everett* v. *Edwards, ante,* 588. This case furnishes an apt illustration of the rule. The Boston and Roxbury Mill Corporation authorized and required Simes, if he should put up a two-story house upon the line, to make the wall of it a party wall. Did it intend to preclude itself and its assigns from using that wall for anything higher than a two-story building, and from ever putting up a three-story or a five-story house on the line without building up a several wall from the foundation on its side of the line? Did it intend that the accident of a first erection should determine the height to which either owner could ever carry up the wall? By giving the natural and reasonable construction to the provision, that the walls of buildings erected on the line should be party walls, in which the parties should have equal rights, the plain intention of the grantor will be carried out; either party can use the wall as it is, and either party can carry it up as the party wall of such house as he may have occasion to erect, in neither case injuring or impairing the wall as originally built.

The plaintiff objects that the addition of four inches to the thickness of the wall below the third story, which the defendant proposes to make on her side of the wall, will not be compliance with the law, which requires a wall sixteen inches in thickness. The report finds that the defendant does not intend to do anything which she may not be permitted to do under the building act by the inspector of buildings. This renders it unnecessary to consider whether it would be a ground for the interference of the court, at the suit of the plaintiff, if it appeared that the defendant intended or threatened to violate the building law. The report finds that the wall with the additional thickness proposed to be added by the defendant will be amply sufficient, and it does not appear that the original wall will be weakened, or the plaintiff injured by the changes proposed by the defendant. We think that the defendant has a right to carry up the wall, and to make such changes in the foundation as are necessary for that purpose.

The defendant also proposes to extend the wall twelve feet in the rear. This is the building of a new wall, rather than the enlargement of the original one, for it is not to be upon land occupied by that. Without relying upon the technical point

that the defendant's building is the first one to be erected on the land conveyed to Simes, we think that the provision was intended to apply to every part of the line, and cannot be limited to such part as may first be built against. It was intended to include every wall of a building first erected on any part of the line. The board fence put up by the plaintiff on the division line between the two lots, where the defendant proposes to extend the wall in the rear, was not the wall of a house or building, nor was it built one half on each side of the line.

*Decree affirmed.*