MARGARET E. NORMILLE & others *vs.* HUGH GILL.

Suffolk.   June 2, 1893. — June 24, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

" *Party Wall* " *and* " *Partition Wall* " — *Openings in Wall for Windows* —
*Easement.*

The owner of land, in building a party wall partly upon his own land and partly upon that lying adjacent, has no right, against the objection of the adjacent owner, to leave openings in the wall for windows, to be used for his own convenience until such time as his neighbor shall build upon the adjacent land.

By usage the words "party wall" and "partition wall" have come to mean a solid wall.

BILL IN EQUITY, filed October 13, 1892, praying that the defendant be restrained from using a wall put by him on the line dividing the estate of the plaintiffs from that of the defendant for any other purpose than that of resting timbers thereon, and that he be restrained from building windows therein.

Hearing before *Hammond,* J., who entered a decree for the plaintiffs, and the defendant appealed to this court. The material facts appear in the opinion.

*S. L. Whipple,* for the defendant.

*J. R. Murphy,* for the plaintiffs.

ALLEN, J.   The principal question is whether the owner of land in building a party wall partly upon his own land and partly upon that lying adjacent has a right, against the objection of the adjacent owner, to leave openings in the wall for windows, to be used for his own convenience until such time as his neighbor shall build upon the adjacent land. We are of opinion that he has no such right. The ownership of the land under a party wall remains in the several owners, subject to the easement of supporting the building upon each lot by means of the common wall. This easement is limited to what is necessary for that purpose. The maintenance of windows by one owner against the objection of the other is inconsistent with the title and rights of the latter. By usage the words " party wall " and " partition wall " have come to mean a solid wall. Various reasons of inconvenience or peril have been assigned for the doc-

trine, but they are all referable, we think, to the general doctrine that the easement is only a limited one, and it is not to be extended so as to include rights and privileges not belonging to the character of a wall which is to be owned in common, and in which the rights of each owner are equal.  This question has not heretofore been determined in this State, though other questions relating to party walls have arisen.  *Vinton* v. *Greene*, 158 Mass. 426.  *Everett* v. *Edwards*, 149 Mass. 588.  *Matthews* v. *Dixey*, 149 Mass. 595.  *Quinn* v. *Morse*, 130 Mass. 317.  *Phillips* v. *Bordman*, 4 Allen, 147.  The decisions in these cases are not directly applicable ; but in other States the almost uniform current of decision has been against the right to leave such openings in party walls.  *Partridge* v. *Gilbert*, 15 N. Y. 601, 614. *Brooks* v. *Curtis*, 50 N. Y. 639.   *St. John* v. *Sweeney*, 59 How. Pr. 175.   *Traute* v. *White*, 1 Dick. 437.   *Vollmer's appeal*, 61 Penn. St. 118.  *Milne's appeal*, 81 Penn. St. 54.  *Ingals* v. *Plamondon*, 75 Ill. 118.   *Gibson* v. *Holden*, 115 Ill. 199.   *Bloch* v. *Isham*, 28 Ind. 37.   *Sullivan* v. *Graffort*, 35 Iowa, 531.   *Graves* v. *Smith*, 87 Ala. 450.   *Dauenhauer* v. *Devine*, 51 Tex. 480. 3 Kent Com. 437, note.                    *Decree affirmed.*