## S. W. WEEMS *v.* E. C. MAYFIELD.

1. PARTY WALL. *Right to cut windows denied.*

   A wall built upon the dividing line of two separate proprietors, partly on the land of each, is a party wall, which term, by usage, has come to mean a solid wall; and one of the proprietors has not the right to cut windows in an extension of such wall above the roof of the other.

2. SAME. *Ownership. Verbal agreement. Code* 1892, § 2434.

   A verbal agreement between two adjoining proprietors that a division wall, built in part upon the land of each, shall be the sole property of one of them, is invalid under § 2434, code 1892, providing that an estate in land for a term of more than one year cannot be conveyed except by a conveyance in writing, signed and delivered.

FROM the chancery court of Holmes county.

HON. A. M. BYRD, Chancellor.

The opinion states the case.

*Noel & Pepper*, for appellant.

Appellee's attorney assumes two contrary positions—one that by parol agreement he is entitled to a wall on appellant's land, under chapter 99 of the code, regulating party walls, and the other that it is not a party wall in any sense, and is the property solely of appellee, subject to divestiture by appellant's paying for and using the second story wall. Under the code no right is given to insert windows in a party wall, nor is there any such right otherwise existing.

"Without an agreement between the owners of property allowing them, windows have no proper place in a party wall. This is evident from the uses and objects of party walls, with which use windows are inconsistent." 18 Am. & Eng. Enc. L., 4, and numerous cases cited in note 1. "Land covered by a party wall remains the several property of the owner of each half, but the title of each owner is qualified by the easement to which the other is entitled, of separating his building by means of the half of the wall belonging to his neighbor." 18 Am. & Eng. Enc. L., 4, and numerous authorities cited in note 1, including *Hoffman* v. *Kuhn*, 57 Miss., 746.

If the wall in which the windows are proposed to be inserted is not a party wall, then, as its erection under parol agreement is not predicated of the chapter relating to party walls, and the parol agreement is itself denied, the wall, or rather the nine inches of it on appellant's land, belongs to appellant, as the owner of the land owns all above it to the heavens, and appellee has no right whatever to put openings in this wall or to otherwise interfere with it. Being appellant's property, it is under appellant's control as an incident of his ownership, and, consequently, the construction of the windows was unauthorized and should be enjoined.

*W. M. Smith*, on same side.

Is the wall in question a party wall or not? Defendant denies that it was agreed that said wall should be a party wall,

and also that said upper or second story wall is a party wall in any respect or in any part thereof. Now, if it is not a party wall in any respect, what right does defendant have in the nine inch space belonging to complainant and occupied by said upper or second story wall? Defendant has not shown any writing signed and delivered by complainant conveying that estate in the said nine inches space, as required by law, to convey any estate in lands or tenements. See code 1880, § 1188; code 1892, § 4225. Then, the defendant makes himself a trespasser, and should be enjoined. Now, if said wall was built to be a party wall, the parol agreement is binding. See code 1880, § 979. Could the defendant, under this statute, acquire a fee simple estate in the nine inches space belonging to complainant, and complainant acquire no interest in the wall occupying same? This seems to be claimed by defendant. The statute is applicable to the building of a party wall only, and not an individual wall for the sole use and benefit of one party. In party walls, each party continues to own the land up to the dividing line between them, and the space above same, with right of easement to the other party; and that right of easement appears to be all that either party acquires in the realty of the other by building a party wall, or paying one-half the cost thereof; if not, then what estate or right does each party acquire in the estate of the other by parol agreement, under our statute, to build a party wall? The statute does not contemplate a sale by either party of his estate to be occupied by the wall, with condition to be purchased back on payment of one-half the cost of the wall. The requirement of equal contribution for the costs of the wall, or such part thereof as the party, other than the one building the same, may desire to join and use, is based on the cross-easement that each receive from the estate of the other and the mutual benefit that each may derive from the use of the wall. Now, while complainant, by his agreement and by statute, is debarred from using the part of the wall that he has not paid one-half the cost of building until he pays the same, this does

not debar him from protecting his estate or interest in the wall. The payment is not a condition preceding this right to protect his property interest. Either party has a right to build a party wall higher if he can do so without damage to the other party; and it would be a hardship on the party not desiring to use the same to have to pay one-half the costs thereof in order to protect his estate, or prevent an improper use of the wall, which, if permitted to continue, would, in time, ripen into an easement to the party using the wall. This is an important point at issue in this case, for if respondent should open windows in the wall now in question, and continue to use the same, such use would, in time, ripen into an easement, although the use be one for which the wall was not built. There was no agreement for windows to be placed in the wall. The hazard of fire and exposure of the property in many other ways, has been so often proven, where windows are opened over roofs, that the fact of damages seems to be settled. A party wall is no place for windows, and the injunction prayed for should be made perpetual. *Graves et al.* v. *Smith*, 6 So. Rep., 308: *Danenham* v. *Divine*, 32 Am. Rep., 627; *Harber* v. *Evans*, 10 L. R. A., 41.

*J. Wiener*, for appellee.

Under § 3139, code of 1892 (the statute of 1880 is substantially the same), "if the owner of any lot shall build a substantial and durable brick wall on the line which divides his lot from another, and the owner of that other should desire to erect an adjoining building, and connect the same with the building already erected, so as to make the wall of the former building serve as the wall of his own, he may do so by paying to the owner of the first wall half the value thereof, or half the value of so much of the former wall as he may use as a wall to his own house," *et seq.* And § 3140, code 1892 (§ 981, code 1880) says that "a person shall not be at liberty to join or use a wall as a party wall without first paying to the owner thereof one-half the value of so much as may be used." And § 3142, code

1892: "Any party wall which has been paid for, and is used as such, shall not be removed by either party without the consent of the other, nor shall it be so damaged or altered as to render it less valuable to either."

The wall in this controversy, however, has never been paid for "and is not used as a party wall." Only one hundred feet of the lower wall, or first story, was joined and paid for by complainant, the upper story wall, as well as the sixty-five foot extension of the lower, is, so far as its use is concerned, the property of E. C. Mayfield. The statute prohibits the removal or alteration of only such wall or such part thereof as "has been paid for, and is used as such," that is to say, as a party wall.

Even the complainant, in his bill, alleges "that when said Weems should build and join to said wall, he (Weems) should pay Mayfield one-half of the cost of the part of the wall so joined to by said Weems, and that said wall should be a party wall for the benefit of the parties." Should be a party wall when? The allegation itself answers this. When complainant should build and join said wall, and pay for the part joined, then the part joined and paid for becomes a party wall, with all its incidents. This, it seems, under a familiar rule, is the true and proper construction of complainant's allegation. *Clary* v. *Lowry*, 51 Miss., 879. Mayfield does not deny Weems' right to join the upper wall, but unless or until joined and paid for, it remains the property of Mayfield, in use and possession.

"Any agreement for erecting walls which parties may make who own adjoining lots and desire to build partition walls, shall be binding, whether in writing or not." Code 1892, § 3138 (code 1880, § 979). A wall may be a party wall for part of its length or part of its height, and not for the rest. *Price* v. *McConnell*, 27 Ill., 255. A wall may be a party wall for part of its height, and above be the sole property of its owner. *Weston* v. *Arnold*, L. R., 8 Ch. App., 1090; 7 Eng. R., 572. There may be separate freeholds in different parts of the same house. The property or the use of that part of the wall not

joined or paid for by Weems is in Mayfield. Washburn's Ease-
ments & Serv. (3d ed.), 577.

In the case of *Burlock* v. *Peck*, 2 Duer, 90, cited, Peck owned
two adjoining city lots, 69 and 71, and sold No. 69 to H., who
was to have the privilege of building a party wall twelve inches
thick, extending six inches on each side of the line, the grantors
in the deed agreeing to pay for said wall when used. H. erected
a house on lot 69, and constructed the wall as above provided.
H. sold to plaintiff's intestate. After this Peck sold lot 71 to
the same H., who erected a house upon it and used this party
wall, and the administrator of the grantee of lot 69 brought an
action to recover the cost of half of this wall, against the ad-
ministrator of Peck. The court held that by H.'s deed of lot
69, the whole of the party wall passed; although six inches of
it stood upon 71, the whole property in it was in him; al-
though when H. built upon 71, he appropriated, as he had a
right to do, the wall to his use, and thereby gave the proprietor
of lot 69 a right to recover for one-half the cost of it, under the
covenant of Peck, as one running with the land.

There are numerous decisions on the subject of party walls,
and apparently a diversity and contrariety of opinion, but the
decisions are generally based either upon the wording of a stat-
ute or they hinge upon the agreement of the parties, and, in
the main, each case is governed by its own peculiar circum-
stances.

In *Davenhaver* v. *Devine*, 32 Am. Rep., 627, cited by coun-
sel for complainant, there was an express agreement that the
third story wall should be a dead wall; and a dead wall being
shown to be one without windows or openings, of course that
settled the question. The parol agreement touching this wall,
as shown in the answer of respondent, is valid under § 979,·
code 1880; § 3138, code 1892. It is an agreement as to a wall
within the meaning and contemplation of the statute.

All this bears out the contention of Mayfield as regards the
agreement. It will thus be seen that the agreement was with

reference to the wall, and dealing with the wall, which, although it is used, or may be used, as a party wall, yet, by agreement of the parties, was to serve the purpose of Mayfield until Weems changed that status agreeably with the understanding. It may be called a right, a privilege or a license which Mayfield was to have in the upper wall, but one which Weems could terminate by complying with his part of the agreement, to wit: by joining the wall or closing it up, in which event Mayfield would receive or recover one-half its value. The substance of the agreement, therefore, and the sense in which it was made, was clearly an "agreement for erecting walls between parties owning adjoining lots, desiring to build partition walls," and there is nothing unreasonable or unlawful in it, and it is "binding," although "not in writing." The statute says "any agreement" in reference thereto, and clearly applies to the case at bar.

The case of *Graves et al.* v. *Smith,* 6 So. Rep., 308 (87 Ala., 450), cited by counsel, is not inconsistent with the case at bar, but is not applicable here. In that case the court say "there is no statute in this state (Alabama) regulating the subject of party walls," etc., and the written agreement in that case was entirely different from the agreement in the case at bar.

TERRAL, J., delivered the opinion of the court.

Weems, the complainant, seeks to enjoin the respondent, Mayfield, from inserting windows in the second story of the latter's building, in the division wall between them. The wall was built by contract between the parties, equally upon the property of each of them owned in severalty. The wall, eighteen inches in thickness to the height of the first story, rested equally upon the lots of both parties. The wall of the second story rested one-half, or nine inches of it, upon the lot of Weems, and four inches of it only on the lot of Mayfield, the wall being set in five inches from the inner part of the building of Mayfield. The wall was built in 1889, and was built solid, or without open-

ings in it, and Mayfield having a chance to rent his second story
to the Masonic fraternity, now desires to cut, and is proceeding
to cut, windows through this division wall—that is, through
the four inches of it resting upon his own lot, and also through
the nine inches resting upon the lot of Weems; and to prevent
the cutting of such windows, an injunction was granted, which
was dissolved upon hearing, hence this appeal.    It should be
added that Weems joined this wall by a building one hundred
feet in length, and only one story high.    Weems claims that
the wall was built as a party wall.    Mayfield claims that the
wall was not to be a party wall, but was built as his sole prop-
erty, and was to be regarded as if entirely upon his land, but
stated in his evidence that there was no agreement in regard to
windows in the second story.    The claim of Mayfield that the
wall was to be solely his, and to be only for his sole use and
benefit, cannot be maintained.    The unequivocal purpose of
both parties to that end could not have effected such intent.
In law the word land includes not only the face of the earth,
but everything under it or over it.    Its unvarying principle
is that he who possesses land, possesses also that which is above
it.    1 Tho. Co. (198).    *Cujus est solum, ejus est usque ad
cœlum.*

This subject is not affected by § 3138, annotated code, for
§ 2434 provides that an estate in land for a term of more than
one year shall not be conveyed from one to another, unless the
conveyance be declared in writing, signed and delivered.    A
wall built upon the dividing line of two separate proprietors,
partly upon the land of each, is a party wall.    The ownership
of the land under a party wall remains in the several owners,
subject to the easement of supporting the building upon each
lot by means of the common wall; and this easement is limited
to what is necessary for that purpose.    A division wall is
usually a solid wall, and by usage the words "party wall" and
"division wall" have come to mean a solid wall.    *Matts* v.
*Hawkins*, 5 Taunt, 20., s. c. 1 E. C., L. R., 4; *Norvelle* v. *Gill*

(159 Mass., 427), 38 Am. St. Rep., 441; *Graves* v. *Smith*, 87 Ala., 450, s. c. 5 L. R. A., 298.

*The decree below is reversed, the injunction is restored, and it is ordered that the same be made perpetual.*