R. C. KOOLBECK, Appellee, v. H. BAUGHN, Appellant.

**Party walls:** CHIMNEY FLUES: INJUNCTION. Where a party wall is erected without request by an adjoining owner for flues or joist bearings, as provided in Code, section 2998, and chimney flues are constructed therein by the owner for his own use, a sale of an undivided one half interest in the wall, simply, without reference to the flues, will not entitle the adjoining owner to use the same in a manner detrimental to his co-owner.

*Appeal from Shelby District Court.*— HON. N. W. MACY, Judge.

SATURDAY, DECEMBER 17, 1904.

SUIT in equity to restrain the defendant from using chimney flues built by the plaintiff in a wall in common. There was a judgment for the plaintiff enjoining the defendant from using the flues in a manner detrimental to the plaintiff's use thereof, and permitting him to enlarge two of the flues. The defendant appeals.— *Affirmed.*

*Cullison & Robinson,* for appellant.

*Byers, Lockwood & Byers,* for appellee.

SHERWIN, J.— The plaintiff and the defendant's grantor were the owners of adjoining vacant lots. The plaintiff built upon her lot, and placed one-half of the 12-inch brick wall upon the lot of her neighbor. She built into this wall, for her own sole use, and without consultation relative thereto with the then owner of the adjoining lot, four chimney flues, each of which occupied two inches of the wall resting upon the adjoining lot. The outside of this wall was solid, the adjoining owner having made no request for flues or for bearings for joists or beams, as provided by section 2998 of the Code. The defendant afterwards bought the adjoining lot, and erected thereon a building, using the wall in question as a wall in common, under the following written instrument: " Know all men by these presents: that I, R. C. Koolbeck, and John Koolbeck, her husband, of Shelby county and State of Iowa, in consideration of $345.00 in hand paid by Harmon Baughn, do hereby sell and convey unto the said Harmon Baughn the following described personal property in the county of Shelby, State of Iowa, to-wit: An undivided half of the north wall of the two story brick building located on lot 11 of Kinsey's subdivision of lots 5, 6, 7 and 8, in block 45 of Long's addition to the town of Harlan, Iowa." After the completion of his building the defendant ·opened ways into the chimney flues built by the plaintiff, and now insists that he is entitled to the use thereof under ·his contract of purchase. We do not agree with this contention, however. The right of the plaintiff to build the wall upon the lot adjoining her property, and the right of the defendant to make it a wall in common by paying one-half of the value thereof, were both acquired by virtue of the statute, and it is evident that all parties hereto were proceeding thereunder. It is therefore clear that the writing

upon which the appellant relies as giving him greater rights in the wall in common than the statute itself gives does not in fact do so, and that it only conveyed to him the interest in the wall which the statute declared he was entitled to as an adjoining owner upon whose land it in..fact rested. If this be true, we must determine the rights of the parties under the statute alone. The owner who desires to build is given the absolute right to place a part of his wall upon the vacant adjoining land, and, aside from the implied requirement of the statute that the wall shall be sufficient to support another building like his own, and the direct provision thereof that there shall be no openings therein on his neighbor's side unless at his request, he may build as he pleases. This is the unmistakable meaning and intent of the statute, for it is optional at all times with the adjoining owner whether he will make the wall one in common or not; and, if he· does not see fit so to do, it in no manner changes or abridges the right of the owner who has built. Section 2998 defines in part the rights of a co-proprietor who builds against a wall held in common, and declares that upon the request of such co-proprietor the person building the wall shall make the necessary flues, etc. The flues are for the use and benefit of such co-proprietor, and, if he fails to request them, it is manifest that he cannot complain, or insist upon using those which the builder of the wall may provide for his own use. If this be true as to co-proprietors, it certainly must follow that one who is not a co-proprietor of the wall at the time it is built can have no greater rights; and where, as in this case, no request was made for such flues, we are of opinion that the subsequent builder is not entitled to the· use of the flues built only for the convenience and use of the other, unless it clearly appears that such use will in no way be detrimental to the other's use thereof. Code, section 3001; *Batt v. Kelly,* 78 N. Y. (Supp.) 142.

The judgment is *affirmed.*