LEDERER & STRAUSS v. COLONIAL INVESTMENT CO. and W.
MITCHELL & CO., APPELLANTS.

**Statutes:** CONSTRUCTION.  Recourse to the title of an act can only
1  be had for an explanation of the statute where the meaning of
the same is doubtful, and then not for the purpose of limiting
or extending the language of the statute.

**Party Walls.**  The terms "party wall" and "wall in common" are
2  synonymous and designate a wall constructed for the common
benefit of the tenements which it separates.

**Same:** EXTENT OF RIGHT TO USE PARTY WALL.  Under the statutes
3  governing the use of party walls one owner in common has no
right to extend his joist or timbers into the wall beyond its
center.

**Same.**  Neither owner in common of a party wall has the right to
4  so weaken the wall as to render it unsafe for the other's use.

*Appeal from Polk District Court.*—HON. W. H. McHENRY,
Judge.

FRIDAY, MARCH 9, 1906.

SUIT in equity to enjoin the defendants from inserting iron beams in a party wall beyond the center line thereof. There was a judgment for the plaintiffs granting the relief prayed, and also enjoining the defendants from placing soil or other pipes in the wall.   The defendants appeal.— *Affirmed.*

B. A. *Younker, Reson S. Jones,* and *Carr, Hewitt, Parker & Wright,* for appellants.

*Charles S. Bradshaw* and *Oscar Strauss,* for appellees.

SHERWIN, J.— The important legal question in this case is whether the owners of party walls may extend the

beams or timbers of their buildings beyond the center of the wall. The question has never heretofore been directly determined by this court, and the answer thereto must rest primarily on a construction of the statute. See title 14, chapter 10, of the Code.

The appellants contend that under this statute ownership in a party wall is an estate in common, giving to both. parties the equal use of the whole thereof for all of the purposes of an exterior wall, and claim that the title of the chapter "walls in common," and the use of the same words in the body of the act, clearly indicate such intention.

It is the general rule in this country that where the meaning of the statute is doubtful, but in no other case, recourse may be had to the title for explanation, but it cannot be used to extend or limit the positive language 1. STATUTES: con- of the statute. *United States v. Union Pac.* struction. *R. Co.,* 91 U. S. 72, (23 L. Ed. 224).

An examination of statutes and authorities clearly shows that the terms "wall in common" and "party wall" are used synonymously, and that neither term is of particular value in determining the legislative intent. 2. PARTY WALLS. The words "party wall" may mean a wall of which the adjoining owners are tenants in common, and the words "wall in common" may mean a wall possessed in severalty by such owners. Primarily, either term means a wall for the common benefit and convenience of both the tenements which it separates. And such we think is the only meaning that can be given to the words used in our statute. Furthermore, our statute was copied almost literally from the Civil Code of Louisiana, except that we omitted therefrom its provision permitting the owners of a party wall to extend their beams into the wall beyond the center thereof, a significant omission which we shall again refer to. See *Kelly v. Taylor,* 43 La. Ann. 1157 (10 South. 255). Party walls are generally regulated by statute and are sustainable only on the principles

of the police power of the state, and that equality is equity. *Swift v. Calnan*, 102 Iowa, 206. They are, therefore, to be governed by the strict letter of the act providing therefor.

Does the statute as a whole intend that adjoining owners shall own the wall in common and be thereby entitled to extend their joists or timbers into the wall beyond its center? We think the question must be answered in the negative. Section 2994 thereof grants the power and at the same time limits its use to 9 inches of the adjoining land, and if either owner wishes to erect a building requiring a heavier wall, he must add the strength on his own side and land. Code section 2999. *Gilbert v. Woodruff*, 40 Iowa, 320. This limitation is in itself a restriction on the use of the wall, which is entitled to at least some weight in determining the legislative intent. Again, section 2996 prohibits the building of a wall with openings in it, a restriction which would not ordinarily be imposed on a tenant in common. Section 2998 provides that every co-proprietor of a wall may build against it and cause the joists or beams to be placed therein, and that upon request the original builder shall leave the necessary bearings for joists or beams. The appellants argue that implied authority is thereby given to use the wall beyond its center, but we do not think so, for the provision is just as consistent with the appellee's construction of the statute.

The Louisiana statute contained a provision permitting a co-proprietor to place his beams within two inches of the whole thickness of the wall, but if the neighbor wished to affix his beams in the same place or build a chimney there, he could only use one-half of the thickness of the wall. Our statute contains no such provision, and under the familiar rule of construction, its absence therefrom indicates the intent to limit the right to that usually recognized in the absence of express provision. Party wall statutes are of ancient origin and are of much the same tenor and effect, and

*(margin note: 3. SAME: extent of right to use party wall.)*

the courts have quite generally held that the co-proprietors own in severalty the portions of the wall resting upon their own land. See *Graves v. Smith,* 87 Ala. 450 (6 South. 308, 5 L. R. A. 298, 13 Am. St. Rep. 60); *Normille v. Gill,* 159 Mass. 427, (34 N. E. 543, 38 Am. St. Rep. 441); *Gibson v. Holden,* 115 Ill. 199 (3 N. E. 282, 56 Am. Rep. 146); *Springer v. Darlington,* 207 Ill. 238, 69 N. E. 948; *Hoffman v. Kuhn,* 57 Miss. 746 (34 Am. Rep. 491); *Andrae v. Haseltine,* 58 Wis. 395 (17 N. W. 18, 46 Am. Rep. 635); *Johnson v. The Tribune Co.,* 91 Minn. 476, (98 N. W. 321.) Although not precisely in point, see, also, *Thomson v. Curtis,* 28 Iowa 229; *Freeman v. Herwig,* 84 Iowa, 435; *Sullivan v. Graffort,* 35 Iowa, 531; Swift v. Calnan, *supra.* On the precise question whether the middle line of the wall marks the line of the co-owners, the cases do not seem to be numerous, but the following cases directly so hold: *McMinn. v. Karter,* 116 Ala. 390, (22 South. 517); *Walker v. Stetson,* 162 Mass. 86, (38 N. E. 18, 44 Am. St. Rep. 350). The principle is recognized, however, in our own cases. In Freeman v. Herwig, *supra,* one party built a cornice across the front end of the wall and the other, when he used the wall, cut one-half of the cornice away. We held that he had a right to do so because of his exclusive ownership of his half of the wall. And in Sullivan v. Graffort, *supra,* we say that an opening through the entire wall is not contemplated by the statute. The same question was decided in the same way in *Marion v. Johnson,* 23 La. Ann. 597. In *Koolbeck v. Baughn,* 126 Iowa, 194, the only question involved was the right of the subsequent builder to use a flue that had been built into the wall by the first. The question now before us was not considered nor determined.

There is still another reason why the appellant's contention should not prevail. The law of party walls is based on the doctrine of lateral support, and is merely a statutory extension of the principle to buildings. All of the adjudicated cases speak of the support that a co-proprietor is en-

titled to, and the very language of the various statutes that the co-owner may build against a party wall, embodies the same thought. Our own statute goes still further with the thought by providing in section 3000 that the adjoining proprietor may make a wall built entirely on the other's land a wall in common. The purpose of this section is to give the adjoining owner support, notwithstanding the other's failure or refusal to build his wall, as provided by section 2994. We cannot take the time to further elaborate this thought, but see the cases heretofore cited and the numerous cases treating generally the subject of party walls.

The appellants contend, however, that each of the buildings will be better supported if the beams are permitted to rest on the entire wall. This may be true in some instances, but only exceptional cases will require more carrying capacity than is furnished by one-half of an eighteen-inch wall, and for such cases the statute has expressly provided. Section 2999. The appellants rely greatly on the case of *Weill v. Baker,* 39 La. 1102 (3 South. 361), but as we have shown, the Louisiana Code expressly authorized the extension of beams beyond the center of the wall, and the case is therefore not an authority on the question involved here.

There was no issue in the case as to soil pipes, but it appeared on the trial that the defendant's building plans provided for placing eight-inch soil pipes in the wall. Testimony was taken without objection, showing **4. SAME.** conclusively that such pipes could not be placed therein without great damage to the strength of the wall, and the court enjoined the defendants from so doing. As we understand the argument, the appellants do not complain because there was no issue as to this question, but they claim that under section 2998 they have the absolute right to put them into the wall regardless of the effect thereon. They have no such right, however. Neither owner has the right to so weaken the wall as to render it insufficient or unsafe for

the other's use. Koolbeck v. Baughn, *supra; Sullivan v. Graffort,* 35 Iowa, 531. See, also, cases *supra.*

The judgment of the trial court is clearly right, and it is *affirmed.*