ETTA B. PERCIVAL v. COLONIAL INVESTMENT COMPANY,
Appellant.

**Party walls:** LIABILITY OF PURCHASER THEREFOR.    Where a party wall is erected upon the land of adjoining owners under an agree-ment that the owner erecting the wall shall be compensated by the other in part when he makes use of the same, the agreement

is a covenant running with the land, and the obligation to pay arises only upon making such use of the wall, so that the grantee first availing himself of the benefit is required to pay the stipulated share of the cost under his grantor's covenant.

**Same.** Where an adjoining owner has made such use of a party 2 wall that he is personally liable for a portion of the expense, his lessee is not bound to pay the same in the absence of notice of its nonpayment, but the owner erecting the wall must look to the adjoining owner first using the same.

**Same:** COVENANTS AGAINST INCUMBRANCES. Under our statute a party 3 wall erected by one adjoining owner partly on the premises of the other without his consent does not constitute an incumbrance, and a lessee who by first making use of the wall thereby obligates himself to pay a portion of the cost, cannot recover the same from the lessor.

*Appeal from Polk District · Court.*—HON. W. H. McHENRY, Judge.

THURSDAY, MARCH 19, 1908.

REHEARING DENIED MONDAY, NOVEMBER 23, 1908.

ACTION in equity to reform a fifty-year lease, and recover rent due thereunder. By way of counterclaim defendant asks judgment against plaintiff for expense incurred in acquiring the right to use a wall in common partly resting upon the leased premises. Plaintiff was given judgment for the rent claimed, and defendant's counterclaim was dismissed. Defendant appeals.—*Affirmed.*

*Read & Read,* and *B. A. Younker,* for appellant.

*Clinton L. Nourse,* for appellee.

McCLAIN, J.—The lease in question, which covered a lot forty-four feet wide in a block in the city of Des

Moines devoted to business purposes, contained in the description of the property the following clause: "Together with all the improvements now erected thereon; and first party guarantees to second party the quiet and peaceful possession and enjoyment of said premises during the term hereof." At the time the lease was executed the lot was partly covered by small frame buildings and sheds from which plaintiff was deriving revenue from leases to temporary tenants, and on the east line of the lot was a party wall erected by one Garver, the owner of the abutting lot. The defendant, desiring to erect a permanent building on the lot, was compelled to pay to Garver one-half the expense of the erection of this party wall in order to be entitled to make use thereof, such payment not having been made by plaintiff; and defendant in its counterclaim asks judgment against plaintiff for the amount so paid. Plaintiff asked to have the lease so reformed as that the provision above quoted should be applicable only to the temporary improvements on the property and not to the party wall; and the evidence tended to show that the conversations between plaintiff's agent and the officer of defendant with whom the lease was made had reference only to the temporary buildings, and that nothing was said between the parties in regard to the party wall, and, further, that plaintiff and her agent had no knowledge at the time the lease was executed that the wall in question stood partly on plaintiff's lot. The trial court refused to grant a reformation of the lease, and, in order to dispose of the case, we find it unnecessary to review the court's action in this respect. But, conceding as we may that the evidence did not make out a case for reformation, we are clearly of the opinion that it would not justify any claim on the part of the defendant of an agreement to convey to defendant any right with reference to the party wall which would not have passed to it without the insertion of such clause.

A conveyance or lease of real property carries with it all permanent improvements on the premises, and defendant's right with reference to the party wall is to be determined by the rules which would have been applied had no reference in the lease to the improvements been made.

Where a party wall is erected by agreement resting in part on the lands of two adjoining owners with a covenant that the owner erecting the wall shall have compensation for a portion of the expense from the other owner when the latter shall make use of the wall, the obligation to pay arises only when such use is made. The covenant runs with the land as against a grantee of such adjoining owner, and the grantee who first avails himself of the benefits of the wall becomes bound to pay his share under his grantor's covenant to the owner, who has erected such wall, and there is no liability on the part of the covenanting grantor, who has made no use of the wall, to pay the stipulated share of the expense either to the adjoining owner with whom the covenant was made and who erected the wall, or to the grantee who has first availed himself of its benefits. *Standish v. Lawrence,* 111 Mass. 111; *Richardson v. Tobey,* 121 Mass. 457 (23 Am. Rep. 283).

1. PARTY WALLS: liability of purchaser therefor.

Had plaintiff made such use of the wall in this case as that she became obligated to Garver to pay one-half the expense of the erection thereof under our statutory provisions which will be hereafter more fully noticed, the defendant, having no notice that the share in the wall had not been paid for, would, perhaps be free from any obligation to make compensation to Garver, but, if so, on the other hand he would have no right of action against the plaintiff. This would seem to be the result of the reasoning in *Pew v. Buchanan,* 72 Iowa, 637, in which it was held that by

2. SAME.

reason of notice to the grantee that his grantor had not paid for his share of the wall such grantee was bound to make payment to the adjoining owner. We think it is immaterial, therefore, to determine under the evidence whether the support of the temporary sheds by plaintiff's tenants on the Garver wall was such use as to justify defendant in assuming that plaintiff had paid for a share in the Garver wall. If plaintiff, through her tenants, had made such use of the Garver wall as to become bound to pay therefor, plaintiff's personal liability to Garver would not be a charge which defendant would be bound to meet. Garver could only look to the plaintiff, and, in the absence of notice to defendant that the share of the wall had not been paid for, Garver could not have recovered the cost of such share from defendant. A liability which has accrued and become a personal charge against a grantor does not run against the grantee without notice thereof; and, adversely, when the grantee becomes bound under a covenant running with the land, his grantor is relieved from liability. *Sexauer v. Wilson,* 136 Iowa, 357. If, then, before the execution of the lease to defendant, plaintiff had made such use of the Garver wall as to be bound to compensate Garver for a portion of the expense of erecting it, defendant had no right to make payment to Garver of plaintiff's indebtedness and hold plaintiff therefor. Garver's claim would, under such conditions, be a personal claim against plaintiff, which defendant could not satisfy at plaintiff's expense. If, on the other hand, the conditions were such as to show that plaintiff had not made use of the wall in a way to render her liable to Garver, then defendant, in availing itself of the privilege of becoming a part owner of the wall in order to make use thereof, rendered itself directly liable to Garver, and acquired a right which, to its knowledge, had not existed in plaintiff, and did not pass to it by the covenants of the lease. However this may be,

the use which plaintiff's tenant had made of the Garver wall was so slight in extent and temporary in character that defendant was not justified in assuming that plaintiff had paid for a share of the wall. *Beggs v. Duling,* 102 Iowa, 13.

The question comes finally down to this: Does a wall in common, standing partly on the premises of a grantor, for which payment must be made by the owner of the premises availing himself of the benefits of such wall, but which has not been so used by the grantor as that he has become liable to pay for his share therein, constitute an incumbrance for which the grantee first making use of such wall, and thereby obligating himself to the adjoining owner to make compensation for a share therein, constitutes an incumbrance on the premises? If the wall has been erected by mutual covenant between the grantor and the adjoining owner under which covenant the adjoining owner has acquired the right to rest a part of the wall upon the grantor's premises, then this right, created by the voluntary act of the grantor, does become an incumbrance; for it is an impairment of the full and complete enjoyment of the granted premises. *Burr v. Lamaster,* 30 Neb. 688 (46 N. W. 1015; 9 L. R. A. 637; 27 Am. St. Rep. 428); *Mackey v. Harmon,* 34 Minn. 168 (24 N. W. 702). But under our peculiar statute (Code, Sections 2994-3003) giving one of two adjoining owners the right, without the consent of the other, to rest a party wall on the premises of each, it has been held that a wall erected by one adjoining owner in part upon the premises of the other does not constitute an incumbrance on such premises so as to impose a liability on the part of the latter to his grantee under the usual covenants of conveyances. *Bertram v. Curtis,* 31 Iowa, 46; 1 Jones, Real Property, section 877, note. The constitutionality of our statutory provisions as to walls

3. SAME: covenants against incumbrances.

in common has been sustained with difficulty, and only on the theory that such statutes constitute a valid exercise of the police power. *Swift v. Calnan,* 102 Iowa, 206, 130 Iowa, 157; Freund's Police Power, section 443. Plainly the Legislature can not subject the land of one owner to an incumbrance in favor of an adjoining owner without the former's consent. The statute must be supported on the theory that the detriment as compared with the probable advantages is so small that it is to be disregarded. An illustration will, we think, make plain the reasons for holding that a party wall to the construction of which the owner of premises has not consented is not an incumbrance on such premises. Suppose at the time defendant took its lease from plaintiff there had been no party wall yet erected, but that before defendant had commenced to build Garver had erected such party wall, as he would have had a right to do under the statute, and that defendant, preferring not to make use of the Garver wall, had erected a building with its own independent walls, thereby being deprived permanently of any use of the portion of the premises on which the Garver wall was rested; could it be claimed for a moment that defendant would have a right of action against the plaintiff for being deprived of this portion of the premises? Clearly not. The loss would be due to the exercise of a right by Garver not in any way derived from plaintiff nor authorized by her. She would not be responsible for it. The burden is one imposed by law for the general public benefit, and incident to the ownership of the property. It is not an incumbrance, but a public burden, subject to which defendant's rights were acquired.

We have no hesitation, therefore, in reaching the conclusion that defendant is not entitled to compensation from plaintiff for the expense incurred by it in acquiring the right to use the Garver wall as a wall in common.

The judgment of the trial court is *affirmed.*