Allread, J.
This action was brought to obtain a mandatory injunction to compel the removal of an overhanging cornice.
The pleadings and agreed statement of facts show that in the construction of a1 four-story building the defendant extended the cornice some two or three feet over the premises of the plaintiffs. It appears that the cornice is above the plaintiffs’ building and does not interfere with the present use of the plaintiffs’ property.
There is a party wall between the buildings of the respective parties, which has been extended *104 upward to accommodate and form part of the defendant’s structure.
The question involved is as to the defendant’s right to maintain the overhanging cornice.
We are of opinion that the defendant’s easement in the party wall does not extend beyond the wall itself, and that the construction and maintenance of the cornice extending over plaintiffs’ premises is a violation of their property rights. Harrington v. McCarthy, 169 Mass., 492; Nash v. Kemp, 49 How. Pr., 522, 12 Hun, 592, and Marion v. Johnson, 23 La. Ann., 597.
We have examined the cases cited by counsel for defendant, involving windows, chimneys and upward extensions of party walls. In none of those cases do we find any overhanging structures extending beyond the partition wall. We think all these cases may be distinguished upon that ground.
We are also of the opinion that the fact that the cornice does not now interfere with plaintiffs’ use of their property does not affect the question. The plaintiffs’ property rights extend upward indefinitely and those rights may be enforced against invasion to the same extent as surface rights.
A mandatory injunction will therefore be issued requiring the defendant to remove the cornice and overhanging structure within six months, and defendant will be required to pay costs.

Decree accordingly.

Kunkle and Ferneding, JJ., concur.