JONES *v.* FISHER REALTY CO.

[No. 14,644.. Filed November 29, 1933.]

648

*Smith & Parrish,* for appellant.

*Harry G. Hogan* and *Frank M. Hogan,* for appellee.

DUDINE, J.—Appellant filed a complaint in one paragraph against appellee to recover for the use of a party wall erected by appellant. Appellee filed an answer of general denial. Trial was held by the court, without a jury, resulting in a finding and judgment for the defendant. Motion for new trial was seasonably filed and overruled, and this appeal was perfected. The only error assigned is that the court erred in overruling the motion for a new trial. The only cause for new trial which was assigned and needs to be discussed is that the decision of the court is contrary to law.

The evidence shows that appellant and appellee were adjoining landowners; that they entered into an agreement whereby appellee permitted appellant to "extend" a party wall eight inches in width, on its side of the property line, and whereby appellee agreed to pay appellant one-half of the value of said wall, whenever appellee "its successors or assigns desires to use the same," and whereby appellee acquired "the right to use said wall . . . as a party wall."

Appellant erected the wall. At the time of its erection and continuously thereafter, until this suit was filed, appellee's adjoining premises were in the possession of a tenant.

Appellee's tenant erected a frame garage on said premises abutting said wall. The party wall formed

one of the walls of the garage. The garage was not connected with or supported by said party wall except that the paper roofing of the garage joined the wall so that water running down the wall would drip over and upon the garage. The garage, about twenty-four (24) feet wide and twenty-four (24) feet long, is supported by four inch by five inch posts which rest on brick piers built on the ground. Appellant contends this was such a "use" of the party wall as required appellee to pay his portion of the cost thereof, pursuant to said contract.

In 47 C. J., on page 1351, under the heading of Party Walls, and sub-heading, "What use makes the user liable to contribute—a In General," we find this language:

> "Under agreements or statutes providing that the adjoining owner shall, on making use of a wall, contribute to the builder toward the cost of its construction, the use contemplated is the use to which a party wall is ordinarily put, namely, its use in the construction and support of an adjoining building, including the resting of timbers of the building on or in the wall, and in the absence of other provisions, until such a use is made, no liability for contribution arises."

See *Pfeiffer* v. *Matthews* (1894), 161 Mass. 487, 37 N. E. 571, 42 Am. St. Rep. 435.

The contract in this case contains no provisions which indicate what uses of the party wall were intended; it merely provided for the use of the party wall by appellee *"as a party wall."* (Our italics.)

Iowa has a statute which gives a landowner the right to build a party wall on his property line, one-half thereof on the land of his adjoining neighbor. This same statute gives the adjoining neighbor the right to use the party wall by paying for one-half the cost thereof. The Supreme Court of Iowa, in construing that statute in *Biggs* v. *Duling* (1897), 102 Iowa 13, 18, 70 N. W. 732, said:

"Before a 'neighbor' should be charged with the burden of a party wall, it must appear that he intended to make it a wall in common. If the use to which he puts it is of so slight and temporary a character as that it could not reasonably and fairly be said that he intended to appropriate and utilize the wall permanently, he should not be charged with the burden imposed by statute."

We consider that to be good reasoning, and to be applicable to the agreement in the instant case. We hold that the use of the wall in the instant case ██ was not a use "in common." The type of construction of the garage, and the way and manner in which it was connected with the party wall indicate that the use of the party wall was intended to be a temporary use.

Appellee contends that it could not have been bound by the act of its tenant. With reference to said contention we note that the Supreme Court of Iowa, in construing the same statute, in *Percival* v. *Investment Co.* (1908), 140 Iowa 275, 115 N. W. 1971, 24 L. R. A. (NS) 293, held that a lessee, who by first making use of a party wall, thereby obligated himself to pay a portion of the cost, cannot recover the same from the lessor.

The Supreme Court of Massachusetts, in *Pfeiffer* v. *Matthews, supra,* construed the following clause in a party wall agreement: "When any portion of any wall so built, extended, or rebuilt, shall be used by the party or by the heirs or assigns of the party by whom the portion of the wall so used, was not constructed, he or they shall pay to the party who constructed the same or to his heirs or assigns, owners of the premises, one-half of the actual cost of the portion of the wall . . . so used by him or them. . . ."

The court held, as between the mortgagor, who first used the wall, and the purchaser of his real estate at foreclosure, the mortgagor is the "user," and the liability

to pay for one-half the cost of the wall does not extend to the purchaser of the real estate. The court said in that case, "The continuance of the building (which used the party wall) is not a use of the wall within the meaning of the contract. The defendant's present ownership of the building (which used the wall) is not a use of the party wall by him which makes him liable under the contract."

That clause construed by the Supreme Court of Massachusetts is similar in effect to the clause we are called upon to construe in this case, and said reasoning of said court is applicable to the clause in the contract before us.

There is nothing in the contract or record which empowered appellee's lessee to bind appellee to pay a portion of the cost of said wall, and nothing to indicate that appellee had approved or ratified the act of his tenant. It was not contended that the tenant was appellee's agent.

Appellant cites *Greenwald* v. *Kappes* (1869), 31 Ind. 216, in support of his contention, but we think that case is clearly distinguishable from the instant case. The party wall in that case was "used" as part of a two-story brick building capable of lasting for a "series" of years, and there was no contention that it was a temporary building. There was no contention that the building was built by a person who was not a privy to the party wall contract, and without the knowledge or consent of such privy to the contract.

We hold the evidence was sufficient to sustain the decision of the court, and that the decision was not contrary to law. No reversible error having been shown, the judgment of the lower court is affirmed.