## Sullivan v. Graffort *et al.*

Party wall: RIGHTS OF ADJACENT OWNERS. While under the statute a person erecting a brick or stone building may rest one-half of the wall thereof on the land of his neighbor, and use the same as a party wall, he cannot subject it to a servitude foreign to its uses as a wall in common, nor injure its capacity as such by making open ings therein.

*Appeal from Dubuque District Court.*

Monday, December 18.

THE petition shows that Michael J. Sullivan, deceased, late husband of plaintiff, was the owner, at the time of his death, of lot No. 127 in the city of Dubuque, and for a long time prior to his decease had used and occupied the same as his homestead, and that since his death the plaintiff, with the minor children of deceased, have continued to so use and occupy said premises. It is further alleged, that on lot No. 128, which adjoins plaintiff's homestead on the north, there is a large brick building, the south wall of which is built on the division line between said lot, one-half thereof being built upon the premises of plaintiff; that said wall was erected long after plaintiff's lot had become a homestead; that said brick building is used as a hotel; that said south wall was originally built solid without windows or doors or other openings, and has ever since so remained; that defendants are about to and have commenced to make large openings in said wall, thereby rendering said wall unfit for a wall in common, and causing a public exposure of plaintiff's family home, destroying the privacy thereof, and impairing the use and enjoyment of her homestead, and that she will sustain irreparable injury by reason of the wrongful acts of defendants. An injunction is prayed to restrain the injuries complained of.

The case was tried to the court who rendered a decree dismissing plaintiff's petition, from which she appeals.

*Griffith & Knight* for the appellant.

*Smith, Fouke & Chapin* for the appellees.

Miller, J.— There is no controversy about the facts of the case. The wall of defendants' house stands one-half on plaintiff's lot and one-half on that of the defendant Mary Graffort. It was originally built solid, which was in 1856, and so remained until the summer of 1869, when three windows, two in the first and one in the second story, were constructed. The plaintiff and her husband prior to his death occupied their lot as a home from a time prior to the erection of the wall by defendants. Neither the plaintiff nor her husband contributed to the cost of the wall, nor have they used it in any manner.

The authority to erect and maintain the wall is given by chapter 83 of the Revision of 1860. The first section (1914) of the chapter provides, "that in cities, towns, etc., he who is about to build contiguous to the land of his neighbor, may, if no wall be on the line between, rest one-half of his wall on his neighbor's land; *provided*, he build of brick or stone, at least as high as the first story; *and provided* the whole thickness of such wall, above the cellar wall, do not exceed eighteen inches, not including the plastering, which, for the purposes of this act, is not to be considered as part of the wall; *and provided also*, that his neighbor shall not be compelled to contribute to the expense of said wall.

"If his neighbor be willing and does contribute one-half of the expense of building such wall, then it is a wall in common between them; and if he even refuses to contribute to the building of such wall, he shall yet retain the right of making it a wall in common by paying to the

person who built it, one-half of the appraised value of the wall, at the time of using it." (§ 1915.)

These provisions give to the man building a house upon his own lot an easement upon the land of his neighbor for the purpose of resting one-half of his wall thereon, with the object and purpose of making it a wall in common or party wall; and also give to the other party an easement in the wall thus erected, upon paying one-half its value. If the wall be erected at the cost of the first builder he will be the owner of the whole of the wall. *Thompson* v. *Curtis*, 28 Iowa, 229. But he will have no greater or other right in the use of the wall than as a wall in common. His right of user will be no greater before payment by the other party than afterward. The statute confers upon the builder of the wall the right to use a portion of his neighbor's ground for the purpose of resting the wall thereon, for the erection of a party wall or wall in common,— such a wall as shall be suitable and proper for a party wall, sufficient to sustain the joists and beams of two buildings. And while the builder of the wall will be the owner of the *entire* wall, unless his neighbor shall contribute or pay his share of the cost, yet he cannot subject the land of the other to any additional burden than that of *using the wall as a wall in common.*

The defendants had the right under the provisions of the statute to rest one-half of the wall of their house on the plaintiff's land and to use such wall as a party wall, and the plaintiff would have no right to use the wall without payment of one-half of the appraised value thereof. But the defendant cannot so deal with the wall as to diminish its capacity for service as a wall in common without the consent of the plaintiff, nor to subject it to a servitude foreign to its uses as a wall in common, for the plaintiff has the right at any time to pay one-half the appraised value of the wall, and thereby become entitled to use it as a wall in common. See Washb. on Ease-

ments, 466, and cases cited in note 1; *Wood* v. *Copper Miners' Co.*, 14 C. B. 428.

The statute gives the defendants the right, in the erection of the wall, to rest one-half thereof on plaintiff's land and one-half on their own, thereby obtaining a wall of sufficient strength to answer the purpose of its use as a partition wall between two buildings; but when the defendants make openings through the entire wall — through that part resting upon plaintiff's land as well as that resting upon their own, they increase the burden upon plaintiff's estate beyond that contemplated by the statute, and are then trespassers on plaintiff's property. See *Mendell* v. *Delano*, 7 Metc. 176.

Each proprietor may use the wall for all the purposes of a wall in common, but their rights of user are thus limited as well before as after it has become a wall in common by payment by each party of the cost of its erection.

The judgment of the district court will be

Reversed.