JOHN AND ELLEN PALMER *v.* THE VILLAGE OF ST. ALBANS.

*Practice.    Liability of Incorporated    Village    for    negligent acts of its Servants.*

When the declaration sets forth a cause of action and the evidence tends to prove it, it is error for the court to direct a verdict for the defendant; thus, it was alleged that tiles belonging to the defendant were piled by its servants in its business so negligently against a fence between premises occupied by the plaintiff and defendant that the tiles pressed the boards off, and the boards and tiles falling injured the plaintiff; the exceptions showed that the defendant occupied the lot on which the tiles were piled for storage purposes; and the evidence tended to prove that the tiles were in the defendant's custody, drawn, and negligently piled by its servants, while in its service and for its use. *Held*, that it was not necessary to prove that the defendant *owned* the tiles; that the evidence tended to establish all the material averments in the declaration, and that it was error to direct a verdict for the defendant.

ACTION on the case to recover damages claimed to have been

caused by the negligence of the defendant's servants. Trial by jury, April Term, 1883, ROYCE, Ch. J., presiding. Verdict ordered for the defendant.

The plaintiffs are husband and wife; and the action was brought to recover for injuries received by the wife. The defendant is an incorporated village. It appeared that the lot where the tiles were piled was used for storing lumber and materials for the uses of the streets; that one Mason, at the time of the injury, had been appointed by the trustees of the defendant, and was, street commissioner and water superintendent, and had charge of the streets, as he testified, " under the direction of the trustees of the village;" and that the tiles were drawn and piled on the lot by a workman employed by Mason. The other facts are sufficiently stated in the opinion of the court.

*M. Buck* and *H. C. Adams,* for the plaintiffs.

The evidence tended to show that the defendant was negligent in piling the tiles. In the care of their property municipal corporations are bound to the observance of the same rules which the law imposes upon individuals. Shearm. & Redf. Neg. s. 152; *Winn* v. *Rutland,* 52 Vt. 481. Such corporations, unless exempted by statute, are responsible for the acts of their servants upon the same principles and to the same extent as private individuals. Shearm. & Redf. Neg. s. 137; Whart. Neg. 191.

*Wilson & Hall,* for the defendant.

The evidence showed, as we insist, that the tiles belonged to Ripley Son; and there was no evidence tending to show that Mason had authority to do what he did. The plaintiffs' remedy, if any, is against Mason or Ripley Son. 2 Dill. Mun. Corp. 766; *Harvey* v. *Rochester,* 35 Barb. 177; *Hager* v. *City of Boston,* 19 Pick. 511.

There was no evidence tending to show that the defendant or its trustees had any knowledge of the manner of piling said tiles, or of the condition of said fence; or that the condition of either

was such that they ought to have known it. It is a well-established rule of law that one of these facts must be made out by the party claiming to recover for negligence in the management of property owned or controlled by the defendant. 1 Addison Torts, s. 242; 4 Waite Act. & Def. 656; 2 Dill. Mun. Corp. s. 790. As to ordering a verdict, *see Hamblet* v. *Bliss*, 55 Vt. 535.

The opinion of the court was delivered by

TAFT, J. The declaration in this case alleges that the defendant was in the use and occupancy of a piece of land, used for piling the defendant's tile, and separated from the plaintiffs' land by a fence; that the defendant's "servants and employes," in the defendant's business wilfully, negligently, and carelessly piled tile belonging to said village in the defendant's yard, and against the fence, in so careless and negligent a manner, that said tile pressed against the fence, and pressed the boards off the fence, and the boards and tile falling upon, injured the plaintiff Ellen. No question is made by the defendant but that the declaration alleges a good cause of action. The questions arise upon the action of the court directing a verdict for the defendant. Whether the action of the court below was correct must be determined by what the evidence introduced had a tendency to show. The exceptions show that the defendant *occupied* the lot upon which the tile was piled, for storage purposes; and the evidence of the witnesses had a tendency to show that the tile was in the care and custody of the defendant, and that it was drawn and piled on the lot, by the defendant's servants, in the service and business of the defendant and for its use. If these facts were established, the ownership of the tile became immaterial. If the defendant had it in its care and custody, its liability for its negligent management of it, would be the same as though it were the absolute owner of it. We think that the evidence of the plaintiff Ellen, tended to show that the tile was negligently piled. The evidence of the plaintiffs therefore tended to support all the material allegations of the declaration, and it was error to direct a verdict.

Judgment reversed and cause remanded.