# Graves *v.* Smith.

*Bill in Equity for Injunction against Windows in Party-Wall.*

1. *Party-walls; right to open windows.*—When a party-wall is erected by the owners of two adjoining lots, they do not own it as tenants in common, but each owns one half in severalty, with an easement in the other half; and each may increase the height, at least, of his half, if not of the entire wall, when it can be done without damage to the other proprietor; but, in the absence of statutory provisions, or express agreement between the parties, neither has the right to make windows or other openings in the wall; nor is such right conferred by an agreement giving either one the right "to use said party-wall free of expense in the erection of any building which he may wish to erect on said lot."

2. *Injunction against windows in party-wall.*—A court of equity will interfere by injunction, at the suit of one of the part owners of a party-wall, to prevent the other from making windows, or other openings in it.

APPEAL from the Chancery Court of Jefferson.
Heard before the Hon. THOMAS COBBS.

MARTIN & MCEACHIN, GRAVES & BLAKEY, and WATTS & SON, for appellant, cited Wood on Nuisances, §§ 226–32; *Rouse & Smith v. Martin & Flowers*, 75 Ala. 510; *Antomarchi v. Russell*, 63 Ala. 356; *Partridge v. Gilbert*, 15 N. Y. 601; *Brooks v. Curtis*, 50 N. Y. 639; *Ray v. Lynes*, 10 Ala. 63; *St. James Church v. Arrington*, 36 Ala. 546; *Moody v. McClelland*, 39 Ala. 45; *Rosser v. Randolph*,

7 Porter, 238; *Ferguson v. Selma*, 43 Ala. 398; Washb.
Easements, 621–25; *Platt v. Eggleston*, 20 Ohio St. 414;
*State v. Mayor of Mobile*, 5 Porter, 279; 1 High on Inj.
§§ 739, 788; 2 Story's Equity, § 925; 38 Md. 128; 28 Ind.
79; 45 Amer Dec. 347, 351, note; 4 Sandf. N. Y. 480;
70 N. Y. 440; 11 Humph. 412; *Davidson v. Isham*,
1 Stockt. 186; 12 Mass. 223; 19 Eng. L. & Eq. 639; 3 My.
& K. 169.

WEBB & TILLMAN, *contra*, cited Lloyd on Buildings, § 184;
*Vollmer's Appeal*, 61 Penn. St. 128; *Danenhauer v. Devine*,
32 Amer. Rep. 627; 35 Iowa, 531; 4 Allen, Mass. 149;
*Nininger v. Norwood*, 72 Ala. 281; Wood on Nuisances,
777; High on Injunctions, § 792; *White v. Flanagan*,
54 Amer. Dec. 668; 10 Amer. Rep. 545.; Washb. Easements,
453.

SOMERVILLE, J.—The bill was filed by the appellee,
Smith, to enjoin the appellants from raising the height of a
party-wall, with windows and openings constructed in it, so
as to impair it as a dead or solid wall. The wall was two
stories high, and eighteen inches thick, being so constructed
as to occupy nine inches of each of the adjoining lots of the
complainant and the defendant Graves, respectively, the
former holding under one Wright by purchase. It was
agreed in writing between Graves and Wright—and it is not
denied that this covenant so runs with the land as to bind
Smith—"that the said wall is, and always shall remain, a
*party-wall* between the said owners of said lots, their heirs
and assigns; and the said Wm. H. Graves, his heirs and
assigns, shall have the right to use the said party-wall free
of expense, in the erection of any building which he or they
may wish to build upon said lot."

The agreement in terms creates a party-wall out of this
division wall; and by a party-wall we must understand a wall
between the estates of adjoining owners, which is used for the
common benefit of both, chiefly in supporting the timbers
used in the construction of contiguous houses on such es-
tates.—1 Wash. Real Prop. (5th Ed.), 385. Where such a
wall is erected, one-half on the land of each adjoining pro-
prietor, it does not render them tenants in common, but each
is the owner in severalty of his part, both of the wall and
the land on which it stands; but the title of each is qualified
by a cross-easement in favor of the other, which entitles him

to support his building by means of the half of the wall belonging to his neighbor. In other words, each proprietor owns his own half in severalty, with an easement of support from the other half of his neighbor's.—*Bloch v. Isham*, 28 Ind. 37; s. c., 92 Amer. Dec. 287; *note*, pp. 291–2; 2 Wash. Real Prop. (5th Ed.), 386; Tiedeman on Real Prop., § 620. It is commonly held, that each part-owner may certainly increase the height of *his half* of the wall, or so much as stands on his own land, if he does not thereby endanger or injure the wall, he being responsible for the resulting damage occasioned by any change in the structure not required for repairs.—*Andræ v. Haseltine*, 58 Wis., 395; s. c., 46 Amer. Rep. 635. And, according to the better view, as supported by the weight of authority, each proprietor has the lawful right to increase the height of the entire party-wall, when it can be done without injury to the adjoining building, and without impairing the value of the cross-easement, to which the neighboring proprietor is entitled.—*Brooks v. Curtis*, 50 N. Y. 639; 10 Amer. Rep. 545; *Bloch v. Isham*, 92 Amer Dec., *note*, 295.

This right to raise the height of the wall, however, seems to be implied in the privilege conferred on Graves by the agreement, which gives him "the right to use said party-wall free of expense, in the erection of any building which he may wish to build upon said [adjoining] lot." This right, moreover, is conceded to the defendants, and no effort is made by the complainant to prevent the mere raising, or increasing the height of the wall. The prayer for injunction goes only to restraining the insertion of the windows, or openings.

There is no statute in this State regulating the subject of party-walls, as in England and some of the American States. The question is, therefore, to be determined by the principles of the common law bearing on easements of this nature. It is our opinion, that a party-wall must ordinarily be construed to mean a solid wall, without windows or openings. Such openings tend to weaken the strength of the structure, and impair its value for lateral support of the adjoining building. They prevent, or render inconvenient, the utilization of the wall for the erection of an additional story for the building. They also increase the hazards of fire, and injuriously affect the adjoining proprietor by unduly exposing his premises in various other objectionable ways, which readily suggest themselves without any elaborate enumera-

[Brown v. Scott.]

tion. If allowed to continue, moreover, for a period of twenty years, the privilege of the adjoining owner would mature into a perfect legal right, under the doctrine of prescription.—*Ulbricht v. Eufaula Water Co.*, 86 Ala. 587; s. c., 6 So. Rep. 78. The cross-easement which the appellee had in the wall was, in our opinion, violated by the attempt of the defendants to create the openings for the windows, sought to be restrained by injunction.

It is too obvious for argument, that the doctrine of ancient lights has no sort of bearing on this case, in any aspect in which it can be viewed. The difference is between the maintenance of windows in one's own walls and those of another.

The authorities fully support this view, and leave no doubt of the jurisdiction of equity to interfere in such cases by injunctive relief.—*Danenhauer v. Devine*, 51 Tex. 480; 32 Amer. Rep. 627; *Vansyckle v. Tryson*, 6 Phila. Rep. 401; *Sullivan v. Graffort*, 35 Iowa, 531; *Bloch v. Isham*, 92 Amer. Dec., note, 297; *St. John v. Sweeney*, 59 How. Prac. (N. Y.) 175; *Vollmer's Appeal*, 61 Penn. St. 118.

The case of *Weston v. Arnold*, 8 Law Rep. (Ch. Ap. Cas.) 1090, (1872) seems to support the view, that a wall may be a party-wall to such height as it belongs in common to two adjoining buildings, and cease by implication to be such for the rest of its height; but this decision is opposed to the weight of authority, and we decline to approve it.

The chancellor did not err in granting the relief prayed in the bill, and in perpetuating the injunction on the proof made in the case.

Affirmed.