Howard, J.
On the first day of April, 1875, the appellant lodge was the owner of the north half of lot five in the town of New Castle. On the north side of this half lot a two-story brick building had been erected by the lodge. The remainder of the lot was vacant. On that day the appellant conveyed to Barton and Evan Fairfield nineteen and one-half feet off of the south side of said half lot, leaving about twenty feet between the lodge building and the ground so conveyed.
The deed made to the Fairfields for said nineteen and one-half feet contained the following provision: “And the said purchasers agree and do hereby bind themselves and their heirs and successors, that they *436 will not erect upon said premises a house higher than two stories, of fourteen feet each in the clear.”
Afterwards, on December 11,1876, the appellant entered into a written agreement with the Fairfields, according to which the latter were given the privilege of building a thirteen-inch party wall on the north boundary line of their purchase, six and one-half inches to be on appellant’s land and six and one-half inches on Fairfields’. A provision in this agreement was to the effect that whoever should join or build to such party wall should pay one-half the value of the same at the time of joining,' “from foundation to top of wall, and from front * * * back to end of wall.”
On May 29, 1878, the appellant conveyed to one Cornelius M. Moore all the land between its lodge building on the north and the Fairfield property on the south, granting to him also the “privilege to join and build to the south wall of its said [lodge] building.”
On August 22, 1878, the Fairfields made a deed to Moore, conveying to him all their interest in the six and one-half inches off the south side of the land bought by him from appellant, and, by the same instrument, also sold and conveyed to him “the north half of the brick wall now situated on said strip of land, and the right to adjoin to said wall, and maintain a building adjoined thereto perpetually.”
On April 20, 1886, Moore deeded his land to one Simon T. Powell, embracing also in his deed all privileges held by him as to adjoining walls, “including one-half in thickness of the north wall of the Fair-field business house.”
On February 7, 1895, appellee purchased the Fair-field land; and on June 8, 1895, appellant re-purchased the Moore, or Powell land. Soon after mak *437 ing this re-purchase appellant began preparations to construct upon the land a three-story brick building, using as the south wall thereof, for the first two stories, the Fairfield party wall, now owned in equal parts by appellant and appellee.
Thereupon appellee instituted this action, alleging in her complaint, that the defendant [appellant here] is unlawfully and without right, and over her repeated requests not to do so, “proceeding to build, and will build and construct, unless enjoined by this court, a thirteen-inch wall upon the top of said partition wall, twenty feet high, extending six and one-half inches upon the lands of the plaintiff, claiming unlawfully the right to do so, and denying the plaintiff’s right to use said wall when so built, or to join to the same or build her building now situated upon her said land any higher in any manner whatever; that if permitted to do so said wall will constitute a permanent and lasting easement upon her said property, and if prevented from joining to the same or building her building any higher it will materially and irreparably injure and damage her said property.”
The prayer was for a temporary restraining order pending the hearing of the cause, and that upon the final hearing the appellant “be perpetually enjoined and restrained from building upon said wall or trespassing upon that part thereof owned by the plaintiff * * *. And if adjudged that it has the right to construct the same, she prays that her right to join said wall and use the same be adjudged and quieted in her.”
The appellant answered in two paragraphs: (1) denying that appellee has any title to the property or property rights set forth in her complaint, and averring that appellant has a perfect right to build said wall without let or hinderance from her; (2) averring *438 that appellant is seized in fee simple of one-half of the ground upon which the wall rests, and is the owner of and in possession and enjoyment of an easement in the other one-half, and, by reason of such seizure and ownership, has the right to carry said wall up, as set forth in the complaint.
To this answer appellee replied by setting out all the facts in detail, as we have already stated them, and alleging in conclusion:
1st. That said stipulation in said original deed from appellant to the Fairfields, providing that the purchasers would not erect upon said premises a house', higher than two stories of fourteen feet each, is void, as against public policy.
2d. That no right of easement of any kind was reserved to the appellant in said deed.
3d. That whatever easement of light and air might be implied as a reservation in said deed was abandoned and forfeited by the conveyance of the intervening property, and more than twenty years of non-user, and did not revive by the reconveyance of said property to appellant.
4th. That there was no right reserved to build an individual wall and rest the same or any part thereof upon appellee’s land.
There was a finding by the court in favor of appellee, and a decree perpetually enjoining appellant “from constructing and maintaining said wall, or any wall resting to any extent upon that part of said partition wall south of the middle line thereof.’’
Appellant’s answer, as also the brief of counsel, proceeds upon two theories: First, denying to appellee any right to the property in question, that is, any right to so much of her nineteen and one-half feet as extends above the second story of her building; and, second, justifying appellant’s action in the premises as *439 founded upon its right in and to the party wall, and its consequent right to extend the same above the second story.
The first theory is based upon the provision in the deed from appellant to the Fairfields, by which the latter agreed not to erect upon the premises purchased a house higher than two stories of fourteen feet each. This agreement, it will be observed, while detracting, to the extent stated, from the right of the Fairfields and their successors to use their property as they should think fit, did not give to appellant any right to any part of the property conveyed, that is, to any part of appellee’s nineteen and one-half feet, unless it be an implied right to an easement of light and air. Consequently, upon this theory, appellant could have no right to extend the wall of its third story over or upon six and one-half inches of appellee’s ground. The most that could be contended for, according to this theory, would be the right to erect such wall upon appellant’s own ground along the boundary line of appellee.
Upon the other theory, namely, that, by reason of its equal interest in the two-story party wall, it had an exclusive right to run up and use said wall for its third story, appellant must also fail. Unless by agreement, clearly expressed or necessarily implied, there can be no such thing as a party wall for the use of one of the parties to the exclusion of the other. A party wall has been defined to be a structure for the common benefit and convenience of both the tenements which it separates, and either party may use it. Such a wall is a substitute for a separate wall to each adjoining owner, and neither may impair its value as to the other. The ownership has sometimes, though perhaps incorrectly, been said to be that of tenants in common. There can, however, be no partition, at least so far as *440 to deprive either party of the common use and support of the whole wall; and the ownership is rather joint, or by entireties, each owner having the full right to the use of the whole wall, to such extent as may be needed for his own side, and provided only such, use does not conflict with the equal right of the other party. A better holding, as we think, and that which seems to obtain in this jurisdiction, is, that each adjoining proprietor is the owner in severalty of his part, both of the wall and of the land on which it stands, subject to a cross-easement of support, and for other common needs in favor of the other proprietor. Bloch v. Isham, 28 Ind. 37, 92 Am. Dec. 287, and note; 2 Washb. Real Prop. (5th ed.), 386; Tiedeman Real Prop., section 620; Graves v. Smith, 87 Ala. 450, 5 L. R. A. 298, 6 South. 308. The wall is, therefore, to be used equally by both parties for all the purposes of an exterior wall. Fettretch v. Leamy, 9 Bosw. 510; Washb. Easem. (4th ed.), 608. It follows that, in the absence of a special agreement to the contrary, such a wall must be solid throughout. It may contain flues or pipes for the use of the parties; but there can be neither doors or windows nor other openings impairing its use as an exterior wall, or by which the privacy of either party may be invaded. Harber v. Evans, 101 Mo. 661, 10 L. R. A. 41, 14 S. W. 750, and authorities there cited, also in note and briefs; Rice Mod. Law Real Prop., section 199.
The agreement as to the party wall in the case at bar, both in the contract of appellant with the Fairfieldá, under which the latter built the wall, and also in the deed from the Fairfields to Moore, appellant’s grantee and remote grantor, by which deed a half interest in the wall was conveyed to^Moore, and under which appellant now claims, shows the structure to be a party wall, simply, along the whole line between *441 the properties, and without restriction or limitation as to height or otherwise. Both parties are treated as having each an equal interest in the wall. While either party, therefore, so far as this contract is concerned, might continue the wall upward, provided no injury were thereby done to the safety of the wall or to the reciprocal rights of the other party; yet the wall so carried up could be nothing but a party wall, a solid wall, and the other party could not, on payment of his share of the cost, be deprived of the right to join thereto whenever he wished to continue his building.
In Everett v. Edwards, 149 Mass. 588, 22 N. E. 52, the court said: “It is presumed to be a detriment to the owner of a building to deprive him of the power to make additions to it, and grants and contracts will be construed on that presumption unless it is controlled by their terms. Not only would a provision implied in a grant of a party wall that it should not be carried higher than as originally constructed, be contrary to the interest and the apparent intention of the parties, but it would not be in accordance with public policy. The public interest is not promoted by putting impediments in the way of erecting buildings, and the law will’ not be swift to construe the acts of parties so as to produce that effect. * * The limitation upon the right of each owner to use the wall as the lateral wall of such house as he may desire to erect is that he shall not impair the value of the wall to the other owner. If one owner carries up the wall, the addition becomes part of the party wall, and the owners have equal rights in it, and the value of the wall to either owner cannot be thereby impaired.”
The trial court seems to have granted the injunction for the reason that appellant was preparing to erect or continue, not the party wall, but a wall with openings for windows, and for its own individual and *442 exclusive use. This it was rightly held appellant could not do. There is nothing in the decree, however, to prevent appellant from erecting a wall of its own, upon its own ground, to any height it may deem best, and for its own exclusive use. Neither is there anything in the decree to prevent appellant from changing its plan and continuing the present party wall up, a solid wall without windows or other openings, and to which appellee shall have a right to join whenever she may wish to add to the height of her present building. The decree is not, perhaps, so favorable to appellee as she was entitled to ask, but she makes no complaint of this, and asks only for an affirmance of the judgment.
Judgment affirmed.