## WARRÈN SPRINGER

### *v.*

## HARRY DARLINGTON.

*Opinion filed February 17, 1904.*

1. COLLATERAL ATTACK—*what cannot be urged in collateral attack on foreclosure decree.* The action of the court, in a foreclosure proceeding, in appointing a special commissioner to make the sale and execute the deed instead of leaving those duties to the master in chancery cannot be questioned except in a direct proceeding to review the foreclosure decree.

2. APPEALS AND ERRORS—*when objection to deed executed in foreclosure proceedings cannot be made.* An objection that a deed executed to the purchaser at a foreclosure sale was void because made by a special commissioner appointed by the court instead of by the master in chancery cannot be urged on appeal, where no such objection was made when the deed was offered in evidence.

3. LACHES—*when doctrine of estoppel by delay does not apply.* The doctrine of estoppel by silence and delay by complainant in asserting his right in a party wall until after the wall had been built for several years, does not apply where his rights therein were not determined until just prior to the commencement of the suit, and where, when the wall was built, the defendant was the owner of the equity of redemption in the complainant's property and might have put his acts beyond question by making redemption.

4. PARTY WALLS—*a party wall means a solid wall, unless agreement provides otherwise.* An agreement between adjoining owners for a party wall means a solid wall, unless the agreement makes provision for openings therein.

5. SAME—*when equity is the proper forum to enforce party-wall agreement.* Where a party, in violation of his party-wall agreement, constructs a building with many windows in the wall, one who succeeds to the right of the other party to the agreement may, by injunction, compel the wall to be made into a solid wall in accordance with the contract, even though it does not appear what use complainant intends to make of his property or that there is an immediate necessity for closing the openings.

APPEAL from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

This is an appeal from a decree of the superior court of Cook county, and the following statement of facts is taken, in part, from the recitals in the decree of that

court, which recitals are accurate so far as we have adopted them:

The appellee, complainant below, claims the title in fee simple to the property at 175 and 177 South Canal street, in the city of Chicago, which is known in this litigation as "complainant's lot." Appellant owns the property immediately adjoining on the north, at 171 and 173 South Canal street, and which is referred to herein as "defendant's lot." On May 21, 1889, Hibbert J. Lehman became the lessee of complainant's lot for the term of ninety-nine years, and afterwards, on the 18th of March, 1890, became the owner thereof in fee simple. On August 23, 1889, appellant was and at all times since has been the owner of defendant's lot, and on that day he and Lehman entered into a written contract providing for the erection of a party wall between them thirty inches in thickness, twenty-six inches of which was to stand on the complainant's lot and four inches of which was to stand on the defendant's lot. It was further provided that Lehman should erect this wall in the first instance, and that if Springer thereafter desired to use it he should pay one-half of the value of so much of the wall, in length, as he desired to use; and the contract also contained a provision that if it became necessary to repair or re-build the whole or any portion of the party wall, the expense was to be borne equally by them. The contract is perpetual, and is a covenant running with the land.

On the 8th day of March, 1890, Lehman conveyed complainant's lot to Frederick H. Winston, trustee, to secure the payment of $275,000. During that year he erected a six-story brick building covering the whole of the lot, and on November 15, 1890, conveyed the lot, by warranty deed, to appellant. Shortly after the completion of the building on complainant's lot appellant erected a building on defendant's lot, using that part of the party wall extending one hundred feet from Canal street. Both

buildings were destroyed by fire on November 21, 1895.
The $275,000 debt remained unpaid.  A foreclosure suit
was brought and such proceedings were had that appel-
lee and his co-trustee, who has since died, received, on
September 7, 1899, a deed purporting to convey to them
complainant's lot in fee simple, executed by Walter But-
ler, a special commissioner appointed by the circuit court
of Cook county to execute the decree in the foreclosure
proceedings.

In April, 1896, the appellant commenced, and shortly
thereafter completed, the erection of a ten-story manu-
facturing building upon defendant's lot, and used a part
of the original party wall which was still standing, be-
ing the east part of the wall, and used the foundation of
the original party wall, as first built, throughout its en-
tire length.  Starting at Canal street, and running thence
west a distance of forty feet, this wall, as constructed
by Springer, is a solid wall, without openings.  There is
then an opening of nine feet and six inches in the wall.
Continuing on west, there is then two feet more of wall,
and then another opening of nine feet and six inches
in the wall.  These openings are continuous from the
foundation to the highest story of the building, and with
glass fronts facing complainant's lot.  In the remainder
of the wall, extending on west a distance of approxi-
mately seventy-five feet, there is one door and fifty
window openings, five windows on each floor of the ten
stories of the building, each having a stone cap and sill,
which project several inches over the south face of the
party wall.

When appellant constructed this building the fore-
closure suit was pending, and he was the owner of the
equity of redemption in complainant's lot, and so con-
tinued to September 7, 1899, at least.  After appellee re-
ceived his deed he found Springer in possession of the
lot.  Springer then claimed a perpetual easement in com-
plainant's lot of an alley-way sixteen feet and five inches

wide, and also claimed a perpetual easement across the lot for steam pipes extending through complainant's lot, for the purpose of heating the building on defendant's lot and heating two other buildings owned by appellant in that immediate vicinity. For the purpose of preventing any interference with these alleged easements, appellant filed a bill for an injunction in the circuit court of Cook county, and a temporary writ issued on November 19, 1901. Afterwards, upon a hearing, the injunction was dissolved and the bill dismissed for want of equity. Appellant prosecuted an appeal to this court, where the decree was affirmed at the October term, 1902. *Springer v. Darlington*, 198 Ill. 121.

On November 25, 1902, appellee filed the bill in the present litigation in the superior court of Cook county, averring the foregoing facts, charging that appellant, if he desired to re-build said party wall, should have re-built it as a solid wall throughout its entire length, and praying that the openings in the wall be declared a nuisance; that defendant be enjoined from maintaining any of said openings in the wall; that the complainant be decreed the right to close all such windows and openings and make the wall a solid wall, and that thereafter an accounting be had between appellee and appellant.

Springer answered, denying, upon various grounds, that appellee was entitled to the relief sought, and averring, among other things, that appellee took no title to complainant's lot under his deed from Butler, as special commissioner. A hearing was had. The court found the wall in question had been re-built by Springer under the party-wall agreement, and that he should have built a solid wall for its entire length and height; that the openings therein, and the projecting window caps and sills, are a continuous nuisance to the complainant; that the complainant has the right to close all such windows and openings, remove the projecting caps and sills, and make the wall a solid wall for use as a party wall. Springer

207—16

is enjoined from maintaining the openings and from interfering with the complainant in closing the same up. The court retains jurisdiction of the cause for the purpose of taking an account between the parties after the openings shall have been closed up by the appellee, when the court will determine what amount, if any, is to be paid by either party to the other on account of the construction of such wall. Springer appeals to this court.

W. N. GEMMILL, (ALLEN C. STORY, of counsel,) for appellant.

LOESCH BROS. & HOWELL, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Appellant denies that appellee is the owner of complainant's lot, for the reason that in the decree of foreclosure, instead of directing the master in chancery to make sale, and, after the expiration of the period of redemption, a deed, in the event that the debt was not paid and no redemption had, the court appointed Walter Butler a special commissioner to perform these duties, and the sale was made and the deed executed by him as commissioner, and for the further reason that there is no evidence in this record that the sale in foreclosure was ever approved by the circuit court. If either of these positions be correct appellant would be the owner of the freehold claimed by appellee, as appellant was the holder of the equity of redemption in the lot at the time of the foreclosure. This, however, is in the nature of a collateral attack upon the decree of the circuit court. Whether the powers conferred upon the special commissioner were beyond those which the court could vest in such an officer is a question to be determined in a proceeding to review the decree in the foreclosure suit. So far as the absence of an order of confirmation is concerned, no such objection was made when the deed was offered. It cannot be urged for the first time in this court.

It is then insisted that as this wall had been con-
structed more than six years prior to the beginning of
this suit, complainant's *laches* bars the relief sought, and
that Darlington must have known at the time the wall
was constructed that it was being constructed with open-
ings, and that his silence then amounts to consenting
that the wall should be so constructed. So far as the
delay is concerned, it is apparent that when appellee re-
ceived his deed Springer was asserting the right to use
so much and such parts of complainant's lot that ap-
pellee might well delay bringing any suit in reference to
the party wall until he ascertained the extent of his in-
terest in the property. The claims of appellant in that
regard were finally denied by this court in October, 1902,
and this suit was begun the following month. We think
reasonable diligence was exercised by appellee. When
the wall was constructed appellant was the owner of the
equity of redemption. If he paid the mortgage debt, as
he had a right to do, his acts in constructing the wall
with the openings in it could never have been questioned.
He was building a wall on his own land. The doctrine
of estoppel does not apply.

Other objections urged to the decree are, that appel-
lee had an adequate remedy at law; that the injunction
is not preventive in its character, and therefore is be-
yond the power of a court of equity; that Springer is
the owner of the entire wall until he is paid for one-half,
and that the decree is therefore wrong in permitting
any interference therewith until Springer shall have
been paid one-half the value of the wall as it now stands;
that no wrong is now threatened by appellant, and that
the wrong, if any, has been long since inflicted, and the
court is powerless to forbid the doing of an act already
done; that to permit appellee to re-build the wall in the
manner authorized by the decree is to take the posses-
sion of appellant's property from him and place such
possession in the hands of appellee, and that no injury is

shown to appellee, for the reason that he does not aver or show that he intends to erect a building on this lot.

The law in reference to party walls, as gathered from the decisions of the States of the Union, is clear and well defined. Where parties contract with each other for the maintenance of a party wall, a wall solid throughout its entire length and height is contemplated, unless the contract otherwise provides. The reason for this is obvious. Each party is the owner of that part of the wall which stands on his own land, subject to the easement of the other. This easement is the right of each to have his building supported by the portion of the wall which stands on the land of the other. This easement is to have the support of a wall—not of a wall weakened by such openings therein as the other party may see fit to make. If one party has a right to place openings in a wall, so has the other, and the exercise of such rights would lead to the loss of all benefit which should be derived from a party-wall contract. 22 Am. & Eng. Ency. of Law, (2d ed.) p. 246; *Sullivan* v. *Graffort,* 35 Iowa, 531; *Normille* v. *Gill,* 157 Mass. 427; *Harber* v. *Evans,* 101 Mo. 661; *Weems* v. *Mayfield,* 75 Miss. 287; *Traute* v. *White,* 46 N. J. Eq. 437; *Vollmer's Appeal,* 61 Pa. St. 118; *Milne's Appeal,* 81 id. 54; *Bloch* v. *Isham,* 28 Ind. 37; *Graves* v. *Smith,* 87 Ala. 450; *Dauenhauer* v. *Devine,* 51 Texas, 480; *Cutting* v. *Stokes,* 76 Hun, 376.

Appellant, in constructing the wall in the manner in which he did, violated the rights of appellee under the party-wall contract. Nor does it answer to say that appellee shall have no relief until he pays one-half the expense of the wall constructed. In the first place, it includes a part of the old wall and is constructed on the old foundation, one-half of which was paid for by Lehman, to whose rights appellee has succeeded. In the next place, to require appellee to pay one-half of the expense of such a wall as is now built between the parties is to require him to pay for a structure erected, not in accordance with the contract he made, but in accord-

ance with the desire and to answer the purposes of the
appellant alone.   It is true, it does not appear what
character of building, if any, will be erected on the com-
plainant's lot.   That is a matter of indifference.   Appel-
lee's right is to have a compliance with the terms of the
contract.   It is not for appellant to say he will not com-
ply because Darlington does not intend to use the prop-
erty in a certain way.   This wall, built where it is, in the
manner it is built, necessarily depreciates the value of
appellee's property.   It is a private nuisance of a contin-
uing character.   No excuse whatever is offered for caus-
ing the caps and bases of the windows to project beyond
the wall.   A wall built on this foundation in accordance
with the terms of the contract would add to the value
of the property.   Darlington is entitled to have the aid
of equity to place the wall in the condition the contract
required it should be.   No other remedy is adequate.
To compel him to resort to a suit for damages is to say
that he shall be deprived of his real property without his
consent by a private individual and must be content with
such compensation as a jury will give him.   Appellant
does not possess the power of eminent domain.   Appel-
lee had, and has, the same right to build a wall on this
foundation that appellant possessed, consequently there
is no merit in the contention that the decree wrongfully
deprives appellant of the possession of his own property.

In *Corcoran* v. *Nailor*, 6 Mackey, (D. C.) 580, it was
said: "It is no answer to say that the dominant owner
stands ready to fill up the openings whenever the ser-
vient owner desires to use the wall as a party wall.
That very statement admits that it had not meantime
been a party wall, and the servitude only renders law-
ful, occupation by an actual party wall.   The occupation
meantime by what is not a party wall is not the enjoy-
ment of an easement, but is simply a trespass.   *   *   *
The injured party is entitled, therefore, to a discontinu-
ance of the injury, and he is entitled to relief in equity.

An action of ejectment would be an inadequate remedy, for after recovery he would be at the cost and trouble of removing so much of the wall as stood on his land or filling up the openings. So, too, repeated actions of trespass would be an inadequate remedy. We repeat, therefore, that the complainant is entitled to relief in equity. He has a clear right to require that this illegal structure shall be conformed to the law authorizing party walls, and this can be done only by closing these openings, and by doing so in such manner as shall render the filled-up spaces suitable for support and for all the purposes contemplated by the right of joint use. The brickwork used in closing the openings should not be a mere patch, but should connect with the adjoining wall in the usual manner of a continuous wall. To this end a mandatory injunction is the proper remedy.—See High on Injunctions, secs. 332, 792, 852; *Phillips* v. *Boardman*, 4 Allen, 147; *Dauenhauer* v. *Devine*, 51 Texas, 480; *Sullivan* v. *Graffort*, 35 Iowa, 531."

In *Harber* v. *Evans*, *supra*, it was said: "Another objection raised to the validity of the ruling below is, that the petition does not allege that the plaintiff ever intends to use the party wall. This is true; but there are several answers to that objection. Whether plaintiff intended to use the wall or not is quite immaterial, since, under the contract, he had acquired a valuable right which was the subject of sale and transfer, which right was worthy of protection, and should be protected by a court of equity."

The views expressed in the *Corcoran case* and in the *Harber case* find support in the following decisions: *Everly* v. *Driskill*, 24 Tex. Civ. App. 413; *DeBaun* v. *Moore*, 32 N. Y. App. Div. 397; *Bartley* v. *Spaulding*, 21 D. C. 47; *St. John* v. *Sweeney*, 59 How. Pr. 175; *Vansyckel* v. *Tryon*, 6 Phila. 401; *Sullivan* v. *Graffort*, *supra*; *Vollmer's Appeal*, *supra*.

The relief granted in *Corcoran* v. *Nailor*, *supra*, and in *Bartley* v. *Spaulding*, *supra*, was of the same character as

that decreed in the case at bar.   We regard the remedy here awarded as appropriate and fully warranted by precedent.

The decree of the superior court will be affirmed.

*Decree affirmed.*