[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
ISSUE CT Page 4385
Have the plaintiffs stated a claim upon which relief can be granted in count one of its complaint against the Town of Windsor Locks. The plaintiffs have not stated such a claim, and therefore, the motion to strike count-one should be granted.
 I.
The plaintiffs are four operators of vault parking lots in Windsor Locks, Connecticut, near Bradley International Airport. The defendants are the Town of Windsor Locks and Fred Miclon, the Windsor Locks building inspector and acting Zoning Enforcement officer (Windsor Locks), and Stylianos Manousos and Manousos Parking, Inc. (Manousos), another valet parking lot operator, which intervened as a co-defendant.
In count one of the amended complaint dated July 11, 1989, the plaintiffs sue Windsor Locks for damages under a substantive due process theory because the town did not enforce a January 29, 1987, cease and desist order that it had issued to Manousos. The order required Manousos to stop expanding its parking lot area. The cease and desist order was based upon a town zoning ordinance that prohibited valet parking lot operators from expanding their lot areas. The plaintiffs allege that their property has decreased in value and that they have lost customers and revenue as a result of the nonenforcement.
In count two, which is not the subject of the motion to strike, the plaintiffs sue Manousos, the alleged violator of the ordinance, for damages under the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. 42-110a et seq.
In a separate motion in this suit, the plaintiffs filed an application for a writ of mandamus on October 24, 1988, seeking enforcement of the cease and desist order. Windsor Locks answered and asserted six special defenses, which the plaintiffs denied. The court, Thompson, J., granted Manousos' motion to intervene as a party defendant on March 27, 1989. The plaintiffs filed an amended complaint on May 11, 1989, to assert a claim against Manousos. On May 25, 1989, Manousos filed a motion to strike both counts of the amended complaint even though count one was not addressed to Manousos. The court, Thompson, J., granted defendant Manousos' motion to strike count one, the count against Windsor Locks, only insofar as it requested mandamus. The court hereby left intact in count one a claim for damages against Windsor Locks. Additionally, the court granted the motion to strike count two sounding in CUTPA against Manousos. CT Page 4386
The plaintiffs filed a request for leave to amend and a third substituted and amended complaint on July 12, 1989, that in count one seeks to recover damages from Windsor Locks and that in count two again seeks CUTPA damages from Manousos. Manousos filed a memorandum of law in opposition to the plaintiff's request for leave to amend their complaint, arguing that the court, Thompson, J., orally granted the May 25, 1989, motion to strike because he found controlling an earlier decision by Judge Barall that the ordinance under which the plaintiff was suing was jurisdictionally void for lack of compliance with enactment procedures. Therefore, according to Manousos, the court ruled that Manousos could not be liable under CUTPA for failing to obey an invalid ordinance. It is found that Judge Thompson also granted the motion to strike the mandamus claim as to Windsor Locks for the same reason. However, he expressly left intact the damages claim against Windsor Locks even though recovery is sought for failure to enforce the same ordinance.
It is found that Judge Thompson's ruling on the May 25, 1989, motion to strike could be treated as law of the case. Judge Thompson left intact a damages claim against Windsor Locks in count one for failure to enforce the ordinance. It must be inferred that Judge Thompson did not intend to rule the ordinance invalid for all purposes. Therefore, it is proper that this court rule on the present motion to strike on substantive grounds.
On July 12, 1990, Windsor Locks filed a motion to strike count one of the amended complaint. The plaintiffs filed an opposing memorandum on September 24, 1990.
 II.
A party may contest in the motion to strike "(1) the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Conn. Practice Bk. 152 (1978, rev'd to 1989).
The plaintiffs are seeking to hold Windsor Locks liable because it did not enforce the zoning ordinance or the cease and desist order it issued to Manousos. The plaintiffs allege that "Windsor Locks has a duty to enforce all zoning regulations equally against properties located in the Town." They further allege that the plaintiffs "have a clear and legal right to enforcement of cease and desist orders set forth in Windsor Locks."
It is the existence of a duty that is the dispositive CT Page 4387 factor concerning the motion to strike in this case. To survive a motion to strike, the court must determine that the defendants owed a duty to the [plaintiffs]. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 171 (1988). It is concluded that the plaintiffs have not alleged sufficient facts that Windsor Locks owed a duty to the plaintiffs to enforce the zoning ordinance because no such duty exists in this case. The Connecticut Supreme Court has said that a city could not be held liable for the "manner in which it laid out and developed the street; and this would be no more than a failure to perform a public governmental duty for which no action would lie. Hewison v. New Haven, 34 Conn. 136, 143; Dyer v. Danbury,85 Conn. 128, 130; Vezina v. Hartford, 106 Conn. 378." Thelin v. Downs, 109 Conn. 662, 669 (1929).
Further,
 Where the duty of the public official to act is not ministerial but instead involves the exercise of discretion, the negligent failure to act will not subject the public official to liability unless the duty to act is clear and unequivocal. . . [An] exception is where a statute may specifically provide for a cause of action against an official or a municipality for failure to enforce certain laws, such as those designed to prevent disturbances of the peace by riotous assemblies. [Conn. Gen. Stat. 7-108]
Gordon, 208 Conn. at 167. It is held that the plaintiffs have not set forth a statute that imposes liability upon a municipality for not enforcing its ordinances. It is further held that the nonenforcement of an ordinance involves the exercise of discretion for which a municipality may not be held liable, rather than a ministerial function, for which negligence liability may be imposed. 18 E. McQuillin, Municipal Corporations (3d Ed.) 53. 22d. "The law does not recognize a duty in the air." Gordon, 208 Conn. at 171. It is concluded that the plaintiffs have not alleged facts sufficient to state a cause of action against Windsor Locks for failing to enforce the zoning ordinance at issue.
Therefore, the motion to strike count one is granted because the plaintiffs have not alleged facts sufficient to state a claim upon which relief can be granted.
STENGEL, JUDGE CT Page 4388